GEORGE W. ROBERTS v. N. N. MULLENIX.

1. BOND FOR DEED; *Non-delivery; Escrow.* A bond for a deed deposited with a disinterested third party, to be by him held until a certain sum of money is paid, and then to be delivered to the obligee, is an escrow; and until the condition is performed it is a mere nullity, and no right of action accrues or can accrue thereon to the obligee.

2. —————— *Fraudulent Possession; Assignee.* Where possession of a bond so deposited is fraudulently obtained by the obligee, and assigned, it passes no right to the assignee as against the obligor.

*Error from Johnson District Court.*

ROBERTS brought his action against *Mullenix* to compel the specific performance of a contract to convey lands. The evidence discloses that on the 10th of December 1864 *Mullenix* executed to Henry Schull (assignor of Roberts,) a title-bond, by the terms of which he bound himself to convey to "Henry Schull, or his assigns," sixty acres of land, on the payment of $175 cash in hand, and the further sum of $175 March 1st 1865; that Schull paid $100 of the first payment, when, by agreement, said bond was placed in the hands of one A. S. D. to be retained and delivered to Schull *when* Schull paid $75, the remainder of the cash payment, (if paid in a

reasonable time;) that Schull, by false representations, and without complying with the conditions, obtained possession of the bond, and assigned it to *Roberts*. The assignment was made Feb'y 10th 1865. There was evidence given, also, tending to show a complete cancellation of the bond, at the instance of Schull, and a full compliance by *Mullenix* with the terms of the cancellation, before the assignment to *Roberts*. *Roberts* claimed to be in possession of the land as an innocent purchaser for value, and without notice. The case was tried at the April Term 1871. The court found for the defendant, and gave judgment against the plaintiff for costs. *Roberts* now brings the case here for review.

*Devenney & Green*, for plaintiff in error:

1. A party in possession under a contract for the purchase of land, having paid a portion of the purchase-money and tendered the residue to the obligor, and made valuable improvements, will be recognized as the owner of the land and entitled to a specific performance of the contract. And the vendor cannot defeat the claim of vendee on a mere quibble or technicality. 12 Geo., 464; 17 Texas, 10; 25 Penn. St., 446; 40 Barb., 537; 1 Ark., 419; 1 Story Eq., §§ 761, 791; 3 Barb. Ch., 407.

The fact that the vendee has taken possession and made valuable and lasting improvements on premises, and the vendor knowing it, whereby the value of the property has been increased in good faith by the occupant, greatly strengthens the claim of the vendee or his assignee, to a decree for the specific performance of the contract. 5 Iowa, 317; 21 Mo., 331; 1 Bailey Eq., 118.

2. According to the bond, the balance of the purchase money, $175, was not to be paid until Mullenix received a good title, and *executed the deed*. Therefore the execution of the deed, and a tender thereof, was necessary, before the defendant could claim the $175. It was a condition precedent. 34 Ill., 468; 8 Iowa, 316; 5 Pick., 395; 3 A. K. Marshall, 417.

Plaintiff had lawful possession. Mullenix testified that Schull was not to have possession under his bond, and the draftsman testified that Mullenix told Schull to go into possession, build a house, etc. But if Schull or Roberts took possession without the express assent or authority of Mullenix, he knowing that they were in actual possession and improving the land, and he permitted them to remain, there was a ratification. Fry on Spec. Perf., 258; 18 Vesey, 328; 11 Ill., 443; 3 Iowa, 569. Ratification can be implied or presumed from acquiescence, where there is a knowledge of facts and circumstances. 1 Am. Lead. Cases, 572; 12 Met., 343; 26 Ward, 191; 10 Paige, 127; 2 Blackf., 119; 32 Barb., 9; 2 Kent's Com., 614. It would be unconscionable to let the defendant keep the land, or improvements, as well as the money already advanced. 11 Ill., 677; 34 id., 468; 19 Ind., 93, 259; 2 Ver., 455; 1 Pet., 455.

3. There was no legal rescission of the bond. If Schull received money or property from Mullenix under a *parol* rescission, void by the statute of frauds, the latter can recover from the former the amount of value thereof—and from him *only*. It does not affect Roberts' title as assignee. 15 Johns., 503; 2 Hill, 485; 5 Wallace, 497; 7 Cowen, 92; 2 Hilton, 11.

4. If Mullenix once had the right to treat the bond as a nullity in the hands of Roberts, we claim that by his tendering to us a deed, although imperfect, it amounted to an *admission* of our right to receive a deed, as assignee of Schull, and Mullenix cannot now elect to treat it as void in Roberts' hands. 7 Greenl., 75; 19 Maine, 303; 1 Denio, 69; 21 Wis., 88; 3 Johns. Ch., 23.

5. An "escrow"—an instrument delivered to take effect upon the happening of some event consistent with its terms, must be delivered to a disinterested third party. It cannot be conditionally delivered to an *agent* or *attorney* of the obligee: for the condition being in parol and contrary to the terms of the instrument, is inadmissible as evidence, and the delivery is absolute: takes effect presently: and the obligee is entitled to it. 10 Ind., 1; 4 Pick., 520; 5 Blackf., 20; 5

N. Y., 229; 23 Wend., 45; 10 Wend., 313; 10 Sm. & Mar., 9; 8 Florida, 370; 16 B. Mon., 5.

Whether the bond was or was not in escrow, if Roberts purchased in good faith, for value, with no knowledge of the escrow, he should have proper relief. 6 Wend., 615; 10 Johns., 231; 2 Conn., 302; 29 Iowa, 258.

6. Defendant claims that Schull and he agreed *in parol* to *rescind* the bond or contract to convey, sometime in the winter of 1864–5; that he performed in part and had offered to perform as to the remainder of the contract of rescission. Waiving all question of the *validity* of such parol rescission, if it was not actually concluded and rested, between the parties, to any extent in treaty and unconcluded, a court of equity would not interfere in such case, by way of enforcing the agreement to rescind, if it were sought by Mullenix. 1 Story Eq., §§ 736, 761, 764; 3 Grant, Pa., 74; 36 Ill., 484; 1 McCarter, 13, 332; 1 Harris, 16; 29 Ala., 684; 6 Selden, 232; 5 Minn., 422; 5 Wall., 497; 8 Gill., 277; 2 Johns. & H., 625.

An agreement to rescind a contract for the sale of lands, where one of the parties is in possession, is within the statute of frauds, and unless evidenced in writing, is void. No interest in land, whether legal or equitable, passes by a parol contract to rescind. 9 Wallace, 271; 13 Ohio, 408; 15 Johns., 200; 1 Johns. Ch., 15, 429; 2 Gilm., 419; 5 Kas., 263.

7. From the date of the bond for the deed, Mullenix became, as to the land, a trustee for Schull and *his assigns*. Schull and his assignee became, as to the purchase-money, a trustee for Mullenix. And Roberts purchasing *without notice*, took the bond free from latent equities in Mullenix. 37 Ill., 164; 1 Story Eq., § 789; 10 Penn. St., 285; 30 Maine, 110; 2 Pick., 183.

If Mullenix has equities in the case, surely Roberts has equal, if not greater equities. Roberts found Schull in possession, improving the land, and in possession of the bond. 4 Pick., 520; 10 Wall., 366. Where the equities are equal the one in possession shall prevail. Brown's Leg. Max., 525; 17 Ohio St., 591; 11 Ill., 324; 37 Ill., 164.

3—10 KAS.

8. The doctrine is well settled that a *bona fide* purchaser for a valuable consideration without notice, shall be protected. And this doctrine is applicable to non-negotiable bonds. 33 Mo., 164; 6 Ohio St., 448; Comp. Laws 1862, p. 112, §§ 1, 2, 3.

9. Plaintiff is entitled to the benefits of the occupying-claimant law of the state. Civil code, §§ 601, 603; 4 Blackf., 94; 4 Kas., 353; 2 Iowa, 411; 35 Mo., 251; 27 Ill., 328; 1 Story, 478; 6 Ohio, 9; 11 Ohio St., 339; 3 A. K. Mars., 177. The occupancy being tolerated by Mullenix, and he silently permitting Roberts to make the improvements, the latter should have their value; and Roberts is entitled to the benefit of Schull's improvements. 16 Iowa, 133, 440; 2 Ohio, 235.

*John S. Little,* and *Holmes & Dean,* for defendant:

1. Plaintiff in error presents no equity to entitle him to a specific performance. The law puts him in the place of Schull, and the case is to be treated as if Schull were in court, asking the relief claimed by plaintiff. There is the strongest evidence, positive and presumptive, that plaintiff in error got possession of the bond with a full knowledge that it was in Devenney's hand, and there to remain until Schull paid $75, the condition on which a delivery was to be made to Schull. The condition never was complied with. Even had plaintiff in error taken an assignment from Schull in good faith, the bond is non-negotiable, and is subject to every defense existing at the date of assignment. Gen. Stat., page 114, § 1; p. 635, § 27. Every class of paper, except that enumerated in first part of § 1, is subject to all equities existing between the original parties. Defendant can make every defense to this paper, existing at the date of assignment to plaintiff. Fry on Spec. Perf., 114; 10 Paige, 369; 11 Paige, 467; 3 Iowa, 93.

2. The bond upon which the suit is brought is not the bond of defendant. It was placed in Devenney's hand as an *escrow,* there to remain *until Schull paid* $75, which were never paid. When a writing is placed in the hands of a third party, which

is to be delivered when the obligee or grantee pays a certain sum of money, or does some other thing as a condition, it becomes an escrow. Until the condition is performed, it never becomes the writing or act in law of the party making it. This bond in the hands of plaintiff in error is a nullity. It neither conveyed title in equity, nor a right of action against plaintiff in error. 2 Washb. on Real Prop., 612 to 616; 4 Kent, 454.

3. The contract between Schull, plaintiff's assignor, and the defendant, was rescinded and annulled, and done at the instance and request of Schull. The terms of cancellation were agreed upon and fully executed by Mullenix. A written contract may be cancelled and put an end to by parol, when the parol contract is partly executed. Fry on Spec. Perf., 404, 405, and notes.

4. Plaintiff in error could not claim for improvements, because he had no right under the bond. But even if the right existed, it has no existence in this form of action. The action is not ejectment, nor a possessory action, as contemplated by art. 24 of the code; nor is plaintiff in a position to claim for improvements in the action. Although in possession, his action is not to quiet title in himself. Defendant cannot by any judgment rendered, or to be rendered, in this action disturb his possession.

The opinion of the court was delivered by

Kingman, C. J.: This is an action for specific performance, brought by plaintiff in error as holder by assignment of a bond for the conveyance of a tract of land. The cause was tried by the court. The finding is general, for the defendant. A motion for a new trial was overruled, and the case comes to this court for review upon all the evidence. The bond of itself was sufficient to entitle the plaintiff to the relief sought; but the evidence showed that the bond had never been delivered. The land was sold for $350. Of this amount $175 were to be paid at the time of the making the bond, but the purchaser, not being able to raise all the money, the bond

was left with a disinterested party to be retained by him until the $75 of the first payment should be paid. This money has never been paid; but Schull, to whom the bond was made, fraudulently obtained possession of it, and assigned the same to plaintiff in error. The bond is non-negotiable, and never was delivered. It was an escrow; and as a necessary consequence until delivered according to condition, or the condition is performed, it is not in law the bond of the party making it, and is, as to the obligee, and his assigns, a nullity, giving neither title in equity, nor a right of action against the obligor.

Some time after Roberts obtained possession of the land, Mullenix offered if Roberts would pay for the land, that he would make him a deed for the land. This offer was rejected upon the alleged ground that at the time Mullenix could not make a good title. Whether the title was good or not, does not appear; nor does it matter. It was not a ratification, as it was in terms just what he had agreed to do, and was rejected. It was no act. It was an offer to stand by his agreement, though not bound by law to do so. The offer refused by plaintiff in error cannot now become the evidence of a right in him. This conclusion on this point decides the case, and renders it unnecessary to examine the other points urged in the elaborate brief of plaintiff in error.

Though we think it plain that the contract between Schull, the obligee in the bond, and Mullenix, was rescinded, and that Roberts probably knew of it when he bought the bond, there is no ground for the application of the occupying-claimant law, as it does not appear that plaintiff in error is disturbed in his possession. The judgment is affirmed.

All the Justices concurring.