FRANKLE *v.* JACKSON, Receiver, etc.

(*Circuit Court, D. Colorado.* March 7, 1887.)

1. RAILROAD—TRACK IN STREET—RIGHTS OF ADJACENT LOT-OWNERS.

A state constitution guarantying compensation to the owner of property "*damaged*" by the public use, entitles the owner of a lot abutting on the street to recover damages of a railroad company, diminishing the value of the lot by laying tracks and running its trains through the street in front of the lot.[1]

---

[1] The easement of the abutting owner on a public street or highway is property which may not be taken or impaired without compensation being made. Lohr v. Metropolitan Elevated R. Co., (N. Y.) 10 N. E. Rep. 528; Terre Haute & L. R. Co. v. Bissell, (Ind.) 9 N. E. Rep. 144, and note.

As to the right of compensation for damages, direct and consequential, sustained by the abutting owner in consequence of the building and operation of a railroad along

2. SAME—LIMITATIONS.

In such case the cause of action accrues against the railroad at the time of its occupation of the street, and is barred, like any other cause of action, after the lapse of the prescribed number of years from that date, so that for each day's continuance of the occupation a new cause of action does not arise.[1]  A change in the ownership of the railroad property neither revives the old nor creates a new cause of action.[2]

3. SAME—OBSTRUCTING THE STREET BY LEAVING CARS STANDING ON TRACK.

Although a railroad company may have acquired the right to lay a track along a street, and run its trains thereon, yet, if it leaves its cars standing on the track so as to improperly obstruct travel, the abutting lot-owners may recover for such improper use of the street, and the cause of action for such injuries arises as often and whenever they occur; and for each day's continuance of the wrong a new cause of action arises.  But it is not an improper use of the street to run trains at night as well as during the day, to run heavy freight trains, and to ring bells and sound whistles.

4. SAME—RECEIVER—PARTY TO SUIT.

A receiver duly appointed to take charge of the property and business of a corporation is the proper party in whose name suits by or against the corporation may be conducted.[3]

In Equity.

*Browne & Putnam,* for plaintiff.

*E. O. Wolcott,* for defendant.

BREWER, J.  This case is submitted on demurrer to the second and third counts of the answer.  In her complaint, plaintiff alleges that since January 1, 1879, she has been the owner of certain lots on the corner of Fifteenth and Wynkoop streets, in Denver, on which, in that year, she built and has since kept a hotel.  She further alleges that prior to 1879 the Denver & Rio Grande Railway Company entered upon said Wynkoop street, and laid down a railroad track, and that in 1880 it also laid down a side track between the main track and the sidewalk, and on the side of the street adjacent to her property, and that this was done without her consent, and without compensation; that the said company used this side track for standing cars, and loading and unloading coal at all hours of the day and night, converting that portion of the street into a coal-yard.  She also alleges that this continued until July, 1884, when the defendant was appointed receiver of said railway company by this court, and took possession of all its property, and that he has since continued to use said track and side track in the same manner.  The second count in the answer pleads that the railway company entered upon the street in 1871, and constructed, and since, up to the time of the appointment of defendant as receiver, used the main track under the authority of an ordinance of the city of Denver.  The third count pleads that in 1882 the railway company entered upon the street under like authority, and constructed the side track.

the line of a street, see Terre Haute & L. R. Co. v. Bissell, (Ind.) 9 N. E. Rep. 144, and note; Pittsburgh Junction R. Co. v. McCutcheon, (Pa.) 7 Atl. Rep. 146; Florida Southern Ry. Co. v. Brown, (Fla.) 1 South. Rep. 512.

[1] See Chicago & E. I. R. Co. v. McAuley, (Ill.) 11 N. E. Rep. 67; Bizer v. Ottumwa Hydraulic Power Co., (Iowa,) 30 N. W. Rep. 172, and note.

[2] See Lohr v. Metropolitan Elevated R. Co., (N. Y.) 10 N. E. Rep. 528.

[3] See Winbourn's Case, *ante,* 167, and note.

The question presented by the demurrers is whether the facts alleged disclose a cause of action continuous in its nature, and therefore giving each day a new action, or one single in its nature, and arising solely and fully at the time of the first entry and occupation of the street. I had occasion, when on the supreme bench of Kansas, to examine, in connection with my then associates, this question in several cases and in many aspects, and I shall therefore do no more now than state my conclusions, and refer to those cases.

(1) Where, under the constitution and laws of a state, compensation is limited to "property taken," and does not cover "property damaged," and the fee of the street is not in the adjacent lot-owner, the mere use of the street by a railroad company, when authorized by law, for the laying down of a track, and the running of trains, gives no cause of action to the lot-owner, although consequential injuries may result to him therefrom. The interference with the free use of the street he suffers in common with all, *pro bono publico*, although he may suffer more than others. *Railroad Co.* v. *Garside*, 10 Kan. 552, and cases cited.

(2) Where, however, as in this state, "property damaged" is within the constitutional guaranty of compensation, then any lot-owner, the value of whose lot is diminished by the laying of a railroad track and the running of trains in a street in front thereof, may have an action for such damages. *City of Denver* v. *Bayer*, 7 Colo. 113, 2 Pac. Rep. 6.

(3) In all cases in which a cause of action may exist, and in which it springs solely from the laying down of the track, and the subsequent running of trains in an ordinary, proper, and lawful manner, there is but a single cause of action; it involves, for the purpose of determining the compensation, the question of a diminution in value of the lot caused by the construction of the railroad; it arises at the time of the occupation of the street by the railroad company; and it is barred, like any other cause of action, after the lapse of the prescribed number of years from that date. A change in the ownership of the railroad property neither revives an old nor creates a new cause of action. "Unlike actions for trespass to realty, where the plaintiff can only recover for the injury done up to the commencement of the suit, in suits of this kind a single recovery may be had for the whole damage to result from the act, the injury being continuing and permanent." *City of Denver* v. *Bayer*, 7 Colo. 113, 2 Pac. Rep. 6; *Railroad Co.* v. *Mihlman*, 17 Kan. 224; *Railroad Co.* v. *Twine*, 23 Kan. 585; *Railroad Co.* v. *Andrews*, 26 Kan. 702; *Mulholland* v. *D. M., A. & W. R. Co.*, 60 Iowa, 740, 13 N. W. Rep. 726; *Railroad Co.* v. *Loeb*, (Sup. Ct. Ill.) 8 N. E. Rep. 464; *Railroad Co.* v. *Combs*, 10 Bush, 393; *Railroad Co.* v. *Esterle*, 13 Bush, 669; *Fowle* v. *New Haven & N. Co.*, 112 Mass. 334.

(4) Although a railroad company may not be liable in damages for the occupation of a street, and the running of its trains thereon in a customary, reasonable, and proper manner, or has paid the full damages allowed therefor, it may still be liable to damages for any unreasonable, improper, illegal, and wrongful use of its track. The right to use a street for the running of trains gives no right to establish a repair shop

thereon. A railroad company may be liable to damages if it obstructs the street by unreasonably and improperly leaving its cars standing thereon. It cannot abuse the right given it, to another's damages. Whatever use is reasonable and proper, it may enjoy without liability. When it goes beyond that, it is liable, as any other wrong-doer. What use is reasonable and proper will, of course, vary with the circumstances, and cannot be absolutely determined in ignorance of the surroundings. A cause of action for such injuries, they being changing and temporary in their nature, arises whenever and as often as they occur; and for each day's continuance of the wrong a new cause of action arises. 10 Kan., 23 Kan., 26 Kan. 702, *supra.*

Applying these principles to the case at bar, the demurrer to the second count in the answer must be overruled. Such count clearly states a full defense to any action on account of the main track. It was placed in the street in 1871, and whatever right of action there may have been for the construction of such track, and the running of trains thereon in an ordinary and proper manner, arose at that time, and is long since barred. No improper use of such track is alleged. It is proper to run trains in the night as well as the day time, to run heavy freight trains, to ring bells and sound whistles, and no unreasonable or improper conduct in these respects is shown.

With regard to the side track, the occupation having commenced in 1882, the statute of limitations does not bar. A receiver, duly appointed to take charge of the property, affairs, and business of a corporation, is a proper party, in whose name suits by or against the corporation may be conducted. It may be doubtful whether the plaintiff is intending to count solely upon the original invasion of her rights by the occupation in 1882, the manner of use alleged being simply matter of aggravation, or relies also upon a wrongful and improper use. If the latter, it may be that the complaint should be amended so as to clearly distinguish between the two causes of action, and state each separately. However, I do not stop to determine that question.

The demurrer to the third count in the answer will be sustained.