Strickler v. The Midland Railway Company.

Judgment affirmed.

Filed Oct. 15, 1890.

———◆———

No. 14,470.

## STRICKLER v. THE MIDLAND RAILWAY COMPANY.

RAILROAD.—*Completion of Grade.—Acquiescence of Land-Owner.—Injunction.—Ejectment.*—A land-owner who stands by and permits a railroad company to enter and construct its road, or complete its grade, or expend a considerable amount of money in the construction of its road-bed,

thereby waives his right to maintain either an action of ejectment or for an injunction to prevent further prosecution of the work.

SAME.—*Assessment of Damages.*—But if the company has unlawfully entered upon the land, the owner may maintain an action for damages, or institute proceedings under the statute for the assessment of his damages.

SAME.—*Trespass.*—*Limitation of Actions.*—*Section 292, R. S. 1881.*—Where a a railroad company unlawfully entered and took possession of a street, and constructed and completed its grade, the cause of action of the abutting land-owner thereupon accrued, and under section 292, R. S. 1881, which limits actions for injuries to real property to six years, the action must be brought within six years from the completion of the grade, or it is barred.

From the Montgomery Circuit Court.

*L. J. Coppage,* for appellant.

*H. Crawford* and *T. F. Davidson,* for appellee.

OLDS, J.—This is an action by the appellant against the appellee for damages to appellant's lot by reason of the appropriation of a street in front of such lot for railroad purposes. Appellee filed an answer, to which the appellant demurred, and the demurrer was overruled, and appellant excepted, and filed a reply. The cause was submitted to the court for trial, and on proper request the court found the facts and stated its conclusions of law, and the appellant excepted to the conclusions of law.

Errors are assigned as to the ruling of the court on the demurrer to appellee's answer and on the exceptions to the conclusions of law, but the errors assigned present substantially the same question.

The facts are as follows : On April 2d, 1872, the board of trustees of the town of Ladoga, Montgomery county, Indiana, by resolution duly adopted and entered of record, gave the right of way upon and along Nebraska street in said town to the Anderson, Lebanon and St. Louis Railroad Company, a corporation engaged in building a railroad ; that in 1873 the Anderson, Lebanon and St. Louis Railroad entered upon said street and built and completed a grade for

its railroad along the whole length thereof, cutting and filling when necessary; that such grade was located and constructed upon and across that part of the south portion of lot 30 (being the lot described in appellant's complaint) which is in Nebraska street, south of the sidewalk; that at the time such railroad was graded and the grade completed, the appellant was the owner of the equitable title to said lot by virtue of a title bond, and was in possession of said lot at the time, improving the same by constructing a dwelling-house thereon, and he acquired the legal title to said lot by warranty deed January 8th, 1875, and appellant knew at the time that the railroad company had entered upon and was grading said street for its railroad; that said railroad grade was plainly visible, and was a part of a continuous and completed railroad grade extending for several miles each way from said street; that on November 1st, 1875, the Anderson, Lebanon and St. Louis Railroad Company mortgaged its property of every kind, including its road-bed and right of way, to Koontz and Crosby, which mortgage was duly recorded in Montgomery county, Indiana, on the 21st day of December, 1875; that suit was brought in the circuit court of the United States for the district of Indiana to foreclose such mortgage, in which suit a final decree of foreclosure was duly rendered by such court on July 11th, 1883, and all the property so mortgaged was sold and a deed was duly executed to the present appellee on July 8th, 1885; that the railroad grade made as aforesaid remained in substantially the same condition in which it was left by the Anderson, Lebanon and St. Louis Railroad Company, until in September, 1887, when the appellee laid down ties and rails on the old grade constructed on Nebraska street by the Anderson, Lebanon and St. Louis Railroad Company in 1873, and the appellee has ever since been operating its railroad upon and in Nebraska street, and over that portion of lot 30 which lay in the street south of the sidewalk; that the appellant is now the owner of the lot 30 described in the complaint, and has been since

January 8th, 1875; that the appellant's said property described in the complaint has been damaged by reason of the acts of the appellee in the construction of the railroad upon Nebraska street in the sum of six hundred dollars.

The question presented is as to whether or not the appellant, under the foregoing facts, is entitled to maintain an action for trespass against the appellee.

It is well settled by the decisions of this court that an action for injunction and in ejectment will lie against a railroad company when it is about to enter upon, or has entered upon, land for the construction of its railroad, without first having damages sustained by the owner assessed and paid; but that such actions will not lie unless seasonably instituted. If the owner stands by and permits the railroad company to enter and construct its road, or complete its grade, or expend a considerable amount of money in the construction of its road-bed, the owner thereby waives his right to maintain either an action of ejectment or for an injunction to prevent further prosecution of the work, and in such event he is left to his action for damages, and as to whether the land-owner has a right to maintain an action for damages for the injury sustained by reason of the trespass, or is confined to the statutory remedy for the assessment of damages is as yet an open question. But we think, in the event the company has, without right, unlawfully entered upon land, the owner is entitled to either remedy; that he may maintain an action for damages, or he may institute proceedings under the statute for the assessment of his damages. The reasons for taking away the right of the land-owner to maintain an action of ejectment, or to enjoin the further use of the land for the construction and operation of the road, do not exist in case of an action for damages for the injury to the real estate, whereby damages are assessed against and collectible of the railroad company, which latter remedy of the land-owner in no way interferes with the running and operation of the railroad, or the rights of the public. The relief granted to the

land-owner by injunction or ejectment would interfere with the further construction or operation of the road, and would interfere and be detrimental to the public interests, and hence such relief has been denied, and it has been held that the land-owner waived his right to injunction or ejectment by not instituting such proceedings at the beginning. *Louisville, etc., R. W. Co.* v. *Soltweddle,* 116 Ind. 257; *Louisville, etc., R. W. Co.* v. *Beck,* 119 Ind. 124.

In this latter case and some others it is said that the only remedy, in cases where the land-owner stands by and permits the construction of the road, is to proceed and have his damages assessed and enforced against the company, but none of the decisions of our State go so far as to hold that such assessment must be had by instituting proceedings under the statute, nor do we think this the only remedy of the land-owner. He may institute proceedings under the statute and have his damages assessed, or if the entry be unlawful and without right, he may bring an action for the damages sustained and have them assessed and collect the same of the company.

In Pierce Railroads, pages 229 and 230, it is said : " The special remedy applies only to a legal appropriation of private property, and the remedies at common law are available where the appropriation is without authority of law. If the company makes an unlawful entry to construct its road, it is liable in an action of trespass for the injury accruing prior to the commencement of the action." It is further stated : " But where the injury is necessarily of a permanent nature, such as the flooding of land caused by the company's structures, or the depreciation of the adjoining owner's property by the laying of its tracks on the highway, the damages, recoverable in an action of trespass, will include the entire injury, and the judgment will be a bar to actions for subsequent injury arising from the same cause." This, we believe, states the correct rule. The property-owner, if he stands by and ·permits the company to enter upon his land

and construct its road or expend a considerable amount of money in its construction, waives his right to bring an action of ejectment or for injunction, but he is not necessarily driven to institute proceedings under the statute to have his damages assessed, but may bring an action for damages.

In the case at bar there is another element in the way of a recovery by the appellant. The facts found by the court show the appellant to have been the equitable owner of the lot in 1873, when the Anderson, Lebanon and St. Louis Railroad Company entered upon the street and constructed and completed the grade for the railroad the entire length of the street, and for several miles either way, and knew all about the grading, and he was at that time improving the lot, building a house upon it, and that he derived the legal title to the lot January 8th, 1875.

The appellee did not become the owner of the right of way and grades of the old company until July 8th, 1885, some twelve years after the Anderson, Lebanon and St. Louis Railroad had taken possession of the street in front of plaintiff's lot and constructed and completed its grade. When that company took possession of the street and completed its grade for a railroad, as found by the court, appellant's right of action was complete; he might have either sued for the damages sustained or instituted proceedings under the statute, and had his damages assessed, and his cause of action having accrued at that time the statute of limitations commenced to run.

Section 292, R. S. 1881, provides that the following actions shall be commenced within six years after the cause of action has accrued, and not afterward :

"*First.* On accounts and contracts not in writing.

"*Second.* For use, rents, and profits of real property.

"*Third.* For injuries to property, damages for any deten-

tion thereof, and for recovering possession of personal property.

"*Fourth.* For relief against frauds."

A trespass is a tort, an injury to person or property, and the particular trespass complained of in this case is an injury to the real property of the appellant, and that portion of the third clause of the foregoing section of the statute which specifies "injuries to property," applies to this class of actions, prosecuted to recover damages for injuries to real property. Wood Lim., p. 383, section 184; Angell Lim., p. 72; *Midland R. W. Co.* v. *Smith, post,* p. 509.

It is well settled that in trespass the statute runs from the time the trespass was committed, and not from the time the full extent of the injury is ascertained. Wood Lim., section 184, *supra;* *City of North Vernon* v. *Voegler,* 103 Ind. 314.

The unlawful entry in this case was an entry for the purpose of constructing a railroad, to be a continuous occupation and holding of the land, by the company, and a permanent grade was constructed. The ties and track were not put down as soon as the road-bed was graded and completed, but the appellant's right of action was as complete when the road-bed was graded and constructed as it would have been when the road was in actual operation and trains running upon it. It can not be doubted that when the road was graded the appellant might have instituted proceedings to have had his damages assessed, and could have had all his damages assessed. So he may have likewise commenced an action for damages, and recovered the damages sustained, and such recovery would have barred all future actions for the injury to the land. See *Davis* v. *Titusville, etc., R. R. Co.,* 5 Cent. Rep. 903.

There is no error in the record for which the judgment should be reversed.

Judgment affirmed, with costs.

Filed Oct. 15, 1890.