[Sac. No. 776.  Department Two.—May 4, 1900.]

## ELIZABETH CARPENTER, Respondent, v. SAN FRANCISCO SAVINGS UNION, Appellant.

RECLAMATION OF SWAMP LAND—CLAIM OF OWNER UPON SWAMP LAND FUND—PERSONAL PROPERTY—RELATION—COLLECTION BY GRANTEE OF LAND—ACTION BY ASSIGNEE OF CLAIMANT.—The claim of the owner of swamp land who has *fully reclaimed* it at an expenditure of more than two dollars per acre, to a *pro rata* payment out of the swamp land fund, to him or his assigns, is a claim of personal property, the right to which relates to the date of

its presentation and passes to his personal assignee thereof. It is not a covenant real, and does not pass with the land to a grantee or purchaser thereof, who takes after the date of such presentation; and if the money is collected by such grantee, it may be recovered from him in an action by the assignee of the claimant.

APPEAL from a judgment of the Superior Court of Sacramento County.   William O. Minor, Judge.

The facts are stated in the opinion.

H. H. McCloskey, for Appellant.

Needham & Dennett, for Respondent.

COOPER, C.—Judgment was entered in favor of plaintiff upon an agreed statement of facts, and defendant has appealed from the judgment.   The statement, so far as material here, shows the following facts: On and prior to the thirteenth day of September, 1895, one J. H. Carpenter was the owner of about eight hundred and forty-five acres of swamp land, and on said day, upon proper petition to the board of supervisors, two reclamation districts including said lands were formed under the provisions of the Political Code, sections 3447, et seq.   The districts were formed without the intervention of trustees or the establishment of by-laws.   (Pol. Code, secs. 3472, 3473.) On November 13, 1895, the said Carpenter presented to the board of supervisors of the said county in which the lands were situated, in accordance with law, evidence and affidavits showing an expenditure of more than two dollars per acre upon the works of reclamation in said districts, and each of them, in compliance with section 3476 of the Political Code.   On the thirty-first day of December, 1895, the said Carpenter and plaintiff (who is his wife) made and delivered to defendant a deed of trust, which included the said lands herein referred to, as security for a large amount of money borrowed from defendant.

On September 12, 1896, in consideration of the surrender and cancellation of the promissory notes, and indebtedness for which the said deed of trust was given, the said J. H. Carpenter and the plaintiff executed and delivered to defendant an absolute deed of grant describing the premises as described in the prior deed of trust.

On the fifteenth day of July, 1897, the board of supervisors of said county in which the lands were situate, upon the evidence and affidavits so furnished by said J. H. Carpenter, on the thirteenth day of November, 1895, ordered that the said evidence be approved and the facts of the expenditure of more than two dollars per acre upon the said lands be certified to the register of the state landoffice.

On June 2, 1898, the said J. H. Carpenter sold and assigned to plaintiff his title and interest in and to the money due or to become due from the said county upon said swamp land. On July 8, 1898, the treasurer of said county paid to defendant the moneys due upon the said order of the board of supervisors upon said swamp land, which, after deducting expenses, amounted to the net sum of five hundred and six dollars and thirty cents. The plaintiff, as assignee of her husband, J. H. Carpenter, claims the said sum, and the defendant, having collected it, claims that it was and is entitled to the amount by virtue of the deeds so made to it by plaintiff and her husband. The sole question to be determined is as to the title to the five hundred and six dollars and thirty cents so collected by defendant. The code provides that when any district susceptible of one mode of reclamation is entirely owned by parties who desire to reclaim the same, and to manage the reclamation without the intervention of trustees, that by certain proceedings a reclamation district may be formed to be operated without trustees. (Pol. Code, sec. 3472.) Sections 3476 and 3477 of the Political Code are as follows:

"Sec. 3476. Whenever the trustees, or owners of land if there be no trustees, certify under oath to the board of supervisors who form the district, and show to their satisfaction that the works of reclamation are completed, or that two dollars per acre, in gold coin, has been expended on the works of reclamation, the board of supervisors must thereupon certify such facts to the register."

"Sec. 3477. The register must thereupon credit each purchaser in the district with payment in full for such lands, and the purchasers are entitled to patents therefor; and the register must forward to the treasurer of the county in which any part of the district is situated a statement showing the amount paid

by each purchaser in the district, including interest; and the county treasurer, after deducting all amounts chargeable against the lands in said district by reason of moneys drawn from the 'swamp land fund' of the county, must divide the balance *pro rata* amongst the original purchasers of land in the district, or their assigns, and must pay to each purchaser, or his assigns, on demand, the amount found to be due him from such computation out of the moneys in his hands to the credit of the 'swamp land fund' of the county. Neither this nor the preceding section applies to districts having outstanding indebtedness represented by controller's warrants drawn on the state treasury until all such warrants are fully paid."

When plaintiff's assignor on the thirteenth day of November, 1895, presented evidence that he had expended two dollars per acre in the reclamation of said land, which evidence was acted upon afterward by the board of supervisors and the register, the right to the money related back to the date of presenting such evidence. On the said thirteenth day of November, 1895, the assignor of plaintiff had expended the money which, under the statute, entitled him to be repaid by the treasurer of the county. The fact that the agents of the county or of the state in the routine of business delayed passing upon the evidence and issuing the necessary legal documents did not in any way affect the question as to the time when the money was earned. The party entitled to it could not get it until the board of supervisors had certified the facts to the register, and the register had forwarded to the county treasurer the statement provided for in section 3477. It then became the duty of the treasurer, after otherwise complying with the section, to fix the *pro rata* among the original purchasers "and must pay to each purchaser or his assigns on demand the amount found due him from such computation."

Here the purchaser was J. H. Carpenter, and his right to the money had been assigned to plaintiff. It follows that plaintiff was the party entitled to the money. The amount due was personal property, and in no way followed the land, nor was it a covenant real. When it became due it was an indebtedness to the owner of the land, and subject to the same rules as any other indebtedness. The party who had expended the money

and who became entitled to the payment did not lose such right because he afterward sold the land.

A farmer having made a contract to deliver his grain for a certain sum upon it being harvested, properly sacked and kept in a warehouse for six months, would not by a conveyance of his farm upon which the grain was raised, after it was harvested, and before the expiration of the six months, also convey the amount to become due for the grain. There is nothing in the law in regard to sales of swamp land that changes the rule.

It is claimed that the act of March 28, 1874 (Stats. 1874), provides that the fund of a district shall be paid out "only for the purpose of reclaiming such land, or to the owners of such land, after reclamation." If the act of March 28, 1874, were inconsistent with section 3477 of the Political Code, the section of the code would govern, as it was passed March 30, 1874, and is therefore a later statute. But there is nothing in the statement inconsistent with the fact that the land had been fully reclaimed before J. H. Carpenter parted with the title. He will be presumed to have been the owner after reclamation, and the expenditure of more than two dollars per acre on the work of reclamation.

We think the word "assigns," as used in section 3477 under the circumstances of this case, refers to one to whom the indebtedness was assigned and not to the purchaser of the land.

The judgment should be affirmed.

Smith, C., and Haynes, C., concurred.

For the reasons given in the foregoing opinion the judgment is affirmed.        McFarland, J., Temple, J., Henshaw, J.

Hearing in Bank denied.