## MILLER & LUX v. BATZ, County Treasurer.[*]

### L. A. No. 800; June 15, 1900.

#### 61 Pac. 935.

**Swamp Lands—Reclamation Funds—Assignment—Sale of Land.**
Since Political Code, section 3477, requiring the county treasurer to pay amounts due on reclamation of swamp land to the original purchaser or his assigns, contemplates payment only to the owner or assignee of the indebtedness, mandamus will not lie to compel such a payment to one who is not shown to be the assignee of the claim on the fund of an original purchaser who became entitled thereto, though he claims as a successor in interest of such original purchaser, by virtue of a purchase of the land.

APPEAL from Superior Court, Kern County.

Mandamus by Miller & Lux against J. B. Batz, treasurer of Kern county. From a judgment refusing the writ plaintiff appeals. Affirmed.

J. B. Garber for appellant; J. W. Athern for respondent.

CHIPMAN, C.—Mandamus. Plaintiff seeks to obtain a peremptory writ compelling defendant to pay to plaintiff, out of the swamp land fund of Kern county, the sum of $2,341.71, or as much thereof as that fund contained. The writ was refused, and plaintiff appeals from the judgment. The cause was submitted on an agreed statement of facts. The court made findings of fact, but both parties agree, and it is the law, that the findings should not be considered, and that this court should consider the agreed statement: Gregory v. Gregory, 102 Cal. 50, 36 Pac. 364; McMenomy v. White, 115 Cal. 339, 47 Pac. 109. It is not necessary to state the facts in detail, as there is no dispute about them. Plaintiff claims as the successor in interest of certain persons who purchased certain swamp land from the state. Reclamation was made according to law, and the then owners of the land, or their assigns, became entitled, on demand, to be paid out of the

*For subsequent opinion in bank, see 131 Cal. 402, 62 Pac. 680.

swamp land fund of the county the sums claimed in this petition. This right accrued as to $1,931.38 on March 11, 1891, and as to $414.37 on April 14, 1893. In its petition, plaintiff sets forth ''that the said land was purchased from the state of California by predecessors in interest of said corporation, . . . . and that there has been paid into the treasury of Kern county by said purchasers, as part of the purchase price of said land, together with interest hereon, the sum of $1,931.38; that thereafter a patent for all the swamp and overflowed lands hereinabove described was issued by the state of California to Henry Miller, as successor in interest of the said original purchasers of said lands; that Henry Miller was the immediate predecessor in interest of said corporation, Miller & Lux, and was a successor in interest of said original purchasers.'' The facts as agreed upon are the same as alleged in the petition. There is no allegation in the complaint, and no fact stated in the agreed statement, that plaintiff is the assignee of the claim upon the fund, or that Henry Miller was such assignee. In appellant's brief the claim is made that plaintiff's predecessor became entitled to the money in question at the dates above mentioned, but no claim is made on behalf of plaintiff as assignee, other than as successor in interest of the land. Both parties seem to have assumed that a conveyance of the title to the land, or an assignment of the certificate of purchase entitling the assignee to a patent, carried with it an assignment of the claim for the money held by the county treasurer in the swamp land fund, which had been paid in by the original purchasers. In a recent case this court held that the word ''assigns,'' as used in section 3477 of the Political Code, refers to one to whom the indebtedness is assigned, and does not refer to a purchaser of the land, and that a conveyance of the title to the land does not carry with it or operate as an assignment of the fund to which the original purchaser is entitled: Carpenter v. Union, 128 Cal. 516, 61 Pac. 92. Before the writ can issue, it must appear that the petitioner is entitled to the fund in question, but in the present case the only evidence of plaintiff's right to the fund is as successor in interest of the land. We are unable to distinguish this case from the Carpenter case, supra, on

the authority of which the judgment should be affirmed, and we so advise.

We concur: Haynes, C.; Gray, C.

PER CURIAM.—For the reasons given in the foregoing opinion the judgment is affirmed.