[L. A. No. 800.   In Bank.—January 18, 1901.]

MILLER & LUX, a Corporation, Appellant, v. J. B. BATZ, Treasurer of Kern County, Respondent.

SWAMP LAND FUND—MANDAMUS BY PURCHASER—APPEAL—ARGUMENT—OBJECTION NOT URGED — ASSIGNMENT OF RIGHT NOT PLEADED—REVERSAL WITH LEAVE TO AMEND.—Upon appeal by a purchaser of reclaimed swamp lands from a judgment refusing *mandamus* to the county treasurer for a proportion of the swamp land fund, where the only question argued was upon an untenable plea of the statute of limitations, and the interest of the appellant was not questioned or objected to in either court, and appellant represented to this court that an assignment of the right to the fund not pleaded was in fact made by appellant's grantor, who reclaimed the land, held that the judgment should be reversed, with leave to the plaintiff to amend the petition and submit additional evidence in support thereof.

ID.—STATUTE OF LIMITATIONS—CAUSE OF ACTION UPON CONTRACT AND NOT UPON STATUTE.—A cause of action to recover a proportion of the swamp land fund is not founded upon a liability created by statute, and is not subject to the limitation of three years prescribed by subdivision 1 of section 338 of the Code of Civil Procedure; but it is based upon a contract between the state and the purchaser who has reclaimed the land and his assigns, to repay part of the reclamation money, and is subject to the limitation provided for actions upon contracts.

ID.—OBLIGATION OF CONTRACT EVIDENCED BY STATUTE.—The fact that the obligation of the contract on the part of the state is evidenced by statute, and arises upon the acceptance by the purchasers of the offer made by the state, and the performance of the work prescribed as a condition of the payment agreed to, does not render the cause of action one created by statute.

ID.—MANDAMUS AGAINST COUNTY TREASURER— COUNTY AS AGENCY FOR STATE—MEASURE OF RIGHT.—A right of action upon *mandamus* against the county treasurer, for the purpose of recovering the money paid to the state, which the state, for its convenience, has deposited with the county as one of its governmental agencies, is measured by the right of the plaintiff to maintain an action against the state upon the contract made with the state.

ID.—APPLICABILITY OF STATUTE OF LIMITATIONS.—The applicability of the statute of limitations is determined by the nature of the cause of action, and not by the form of the action.

APPEAL from a judgment of the Superior Court of Kern County.    J. W. Mahon, Judge.

The facts are stated in the opinion of the court and in the opinion in Department therein referred to.

Joseph B. Garber, for Appellant.

J. W. Ahern, for Respondent.

HARRISON, J.—The judgment appealed from was affirmed in Department, June 15, 1900 (61 Pac. Rep. 935), upon the authority of *Carpenter v. San Francisco Sav. Union,* 128 Cal. 516. A rehearing was granted upon the representation that the question upon which the Carpenter case was decided had not been presented by the plaintiff or by the defendant either at the trial in the court below or in the briefs here upon the appeal. In view of this fact, and of the further fact that the plaintiff states in its petition for rehearing that the reclamation of all the lands in the district was made entirely by its immediate predecessors in interest, and not by the original purchasers of the lands, and that before the commencement of this action appellant's immediate predecessors in interest executed an assignment to it of the claim now involved, we have determined to remand the case with leave to the plaintiff to amend its petition and submit additional evidence in support thereof should it be so advised.

As the statute of limitations which is pleaded as a defense, and has been argued upon this appeal, will doubtless arise upon the next trial, it is proper to consider the same.    Counsel have discussed in their briefs the applicability of different statutes of

limitation upon the plaintiff's cause of action, but as the defendant has pleaded only the statute prescribed in subdivision 1 of section 338 of the Code of Civil Procedure, it is only necessary to determine whether the action is barred by the provision thus pleaded. That subdivision prescribes three years as the time within which an action may be commenced upon a liability created by statute other than a penalty or forfeiture. The plaintiff's cause of action herein is not founded upon a liability created by statute, but is based upon a contract between him and the state, and is subject to only those provisions of the statute of limitations which are applicable to causes of action arising out of contractual relations. The state has in effect declared in section 3477 of the Political Code and preceding sections that the holders of certificates of purchase of swamp and overflowed lands may reclaim the same either by themselves or through the agency of a reclamation district; and that whenever the works of reclamation are completed, or the sum of two dollars per acre has been expended in the work of reclamation, there shall be repaid to each purchaser or his assigns out of the swamp land fund, after making certain deductions therefrom, his proportion of the amount which has been contributed to that fund. The purchasers are under no obligation to reclaim the land, but the state agrees that, if they do reclaim it, it will repay to them this amount of money. The obligation of the state to make this payment is not a liability created by statute, but arises from the acceptance by the purchasers of the offer made by the state, and the performance of the work which the state has prescribed as the condition upon which it will make the payment. This obligation in favor of the purchaser is of the same character and arises at the same time as does his right to receive a patent for the land. The fact that the obligation is evidenced by statute does not render the plaintiff's cause of action one "created" by statute. All contracts with the state have their authority in some statutory provision, but it is not to be assumed, in the absence of express provision to that effect, that the legislature intended to prescribe a different rule of limitations for actions against the state upon its contract from that for actions upon other contracts. The liability of the state to the plaintiff herein results from its agreement to repay the

money, but it is not "created" by the statute as is the liability upon a swamp land assessment for reclamation purposes (*People v. Hulbert*, 71 Cal. 72), or the liability of a stockholder for his proportion of the corporate debts (*Bank of San Luis Obispo v. Pacific Coast S. Co.*, 103 Cal. 594), or the right to maintain an action for the recovery of taxes. (*San Diego v. Higgins*, 115 Cal. 170.) Such liabilities are "created" by statute, and exist only by express declaration of the statute. The distinction is clearly pointed out in *Higby v. Calaveras County*, 18 Cal. 176, where the court said in reference to the question then under consideration, and that it was governed by the statute which is here pleaded: "This duty is not cast by contract, but by the law, and the same law provides the compensation, or, in other words, creates the liability upon the part of the county to pay the compensation."

Although the action is against the respondent as treasurer of the county, it is for the purpose of recovering money which has been paid to the state, and which the state, for its own convenience, has deposited with the county as one of its governmental agencies. The plaintiff's right to maintain the action against the respondent is measured by his right to maintain it against the state. (See *County of Kings v. County of Tulare*, 119 Cal. 509.) The nature of the cause of action, and not the form of the action, determines the applicability of the statute of limitations. (*De Haven v. Bartholomew*, 57 Pa. St. 126; *Higby v. Calaveras County, supra.*)

The judgment is reversed and the cause remanded, with leave to the plaintiff to amend its petition.

Van Dyke, J., Garoutte, J., McFarland, J., and Temple, J., concurred.