[L. A. No. 1711.   Department One.—March 7, 1907.]

## A. B. WILLIAMS, Appellant, v. SOUTHERN PACIFIC RAILROAD COMPANY, Respondent.

TRESPASS—STATUTE OF LIMITATIONS.—Under subdivision 2 of section 338 of the Code of Civil Procedure, an action for trespass upon real property must be commenced within three years after the accruing of the cause of action.

ID.—AMENDED COMPLAINT—DEMURRER—APPEAL. — Where an amended complaint is filed after the cause of action has become barred by the statute of limitations, and a demurrer thereto is sustained on that ground, and judgment rendered for the defendant, the appellant who alleges error on the ground that the original complaint was filed before the cause of action had become barred must make that fact appear by the record.

ID.—DAMAGES FOR PERMANENT TRESPASS—ACCRUAL OF CAUSE OF ACTION.—Where an injury or trespass to land is of a permanent nature, all damages, past and prospective, are recoverable in one action, and the entire cause of action accrues when the injury is inflicted or the trespass committed, and an action therefor must be commenced within the statutory period after the doing of the wrongful act.

ID.—UNLAWFUL CONSTRUCTION OF RAILROAD—INJUNCTION.—An action to recover damages for a wrongful entry by a railroad company upon the land of the plaintiff and the construction of its railroad thereupon, without proceedings for condemnation, and without plaintiff's consent, is barred if not commenced within three years after the entry; and the right to equitable relief by injunction against the continuance of the railroad is likewise barred at the same time.

APPEAL from a judgment of the Superior Court of Santa Barbara County.   J. W. Taggart, Judge.

The facts are stated in the opinion of the court.

C. A. Storke, for Appellant.

Henley C. Booth, for Respondent.

SLOSS, J.—A demurrer to an amended complaint was sustained, and on plaintiff's declining to amend judgment was entered in favor of the defendant.   From this judgment the plaintiff appeals.

The amended complaint was filed on March 23, 1904. It alleged that plaintiff was the owner of a parcel of land in the town of Lompoc, extending along and to the center line of Laurel Avenue, a public highway; that on January 1, 1900, while plaintiff's predecessor in interest was the owner of the property, the defendant, a railroad corporation, without the consent of the owner, and without any condemnation proceedings, had entered upon the part of said land within Laurel Avenue, and laid a railroad track thereon; that ever since said last-named date the defendant had operated its railroad over said track, and occupied said lands within the lines of the street, to the exclusion of the plaintiff, thereby obstructing said street, and depriving the plaintiff of access and approach to the street, and diminishing the value of his premises in the sum of six hundred dollars. The prayer was for judgment for six hundred dollars damages, "or that the defendant be permanently enjoined from operating said railroad along said street."

The demurrer was based on various grounds, but it will not be necessary to consider any but those setting up the bar of the statute of limitations. The principal provisions pleaded in the demurrer were sections 335, 338, subdivision 2, and 339, subdivison 1, of the Code of Civil Procedure.

The complaint alleges a trespass upon plaintiff's land. Under subdivision 2 of section 338 an action for trespass upon real property must be commenced within three years after the accruing of the cause of action. If the cause of action here sued upon accrued at the date of defendant's entry, it would seem to fall within the purview of this statute, since more than four years have elapsed between the date of such entry and the filing of the amended complaint. (The record as presented does not contain the original complaint, nor show the date of its filing. If such original complaint was filed within the three years, it was incumbent upon the appellant, who alleges error, to make that fact appear.)

The appellant seeks to avoid the bar of the statute by the contention that, since the injury complained of (viewing it either as a mere trespass, or as a trespass constituting a nuisance) was in its nature continuing, a new cause of action arose at each moment of its continuance, and that successive actions might be brought, in each of which the plaintiff might

CL Cal.—40

recover damages accruing up to the time of the commencement of the action. This rule is properly applicable in cases where the injury or trespass is temporary in character, since in such cases it is not presumed that the wrongful conduct will be continued. The plaintiff, in such cases, can recover only the damages which have accrued up to the institution of the action. (8 Am. & Eng. Ency. of Law, 2d ed., p. 684.) It follows that an action. may be brought at any time to recover the damages which have accrued within the statutory period, although the original trespass 'occurred before that period, provided that the plaintiff has not permitted such time to elapse as will vest in the defendant a right by prescription.

On the other hand, where the injury or trespass is of a permanent nature, all damages, past and prospective, are recoverable in one action, and the entire cause of action accrues when the injury is inflicted or the trespass committed. (8 Am. & Eng. Ency. of Law, 2d ed., p. 684.) As this court said in *Beronio* v. *Southern Pacific Co.*, 86 Cal. 415, 24 Pac. 1093, 21 Am. St. Rep. 57], "Whenever by one act a permanent injury is done, the damages are assessed once for all." (Civ. Code, sec. 3283.) The action must consequently be commenced within the statutory period after the doing of the wrongful act. (*Indianapolis etc. R. R. Co.* v. *Eberle,* 110 Ind. 542, [59 Am. Rep. 225, 11 N. E. 467]; *Stricker* v. *Midland R. R. Co.*, 125 Ind. 412, [25 N. E. 455]; *Stodgill* v. *Chicago, B. and Q. R. R. Co.*, 53 Iowa, 341, [5 N. W. 495]; *Powers* v. *Council Bluffs*, 45 Iowa, 652, [24 Am. Rep. 792]; *Town of Troy* v. *Cheshire R. R. Co.*, 23 N. H. 83, [55 Am. Dec. 177]; *Conlon* v. *McGraw*, 66 Mich. 194, [33 N. W. 388]. See, also, *Daneri* v. *Southern California Ry. Co.*, 122 Cal. 507, [55 Pac. 243].)

The injury complained of in this instance is the construction and operation of a steam railroad. The great weight of authority is to the effect that such an act is permanent in its nature, and an action to recover damages for the injury inflicted thereby must be commenced within the statutory period after the original infliction of the injury. (*Frankle* v. *Jackson*, 30 Fed. 398; *City of Denver* v. *Bayer*, 7 Colo. 113, [2 Pac. 6]; *Railroad Co.* v. *Lowe*, 118 Ill. 203, [59 Am. Rep. 341, n, 8 N. E. 460]; *Doane* v. *Railway Co.*, 165 Ill.

510, [56 Am. St. Rep. 265, 46 N. E. 520]; *Rosenthal* v. *Railway Co.,* 79 Tex. 325, [15 S. W. 268]; *Highland Ave. etc. Ry. Co.* v. *Matthews,* 10 South. 267; *Jacksonville Ry. Co.* v. *Lockwood,* 33 Fla. 573, [15 South. 327]; *Railway Co.* v. *O'Neill,* 58 Neb. 239, [78 N. W. 521]; *Stricker* v. *Midland Ry. Co.,* 125 Ind. 412, [25 N. E. 455]; *Stodgill* v. *Chicago, B. and Q. R. R. Co.,* 53 Iowa, 341, [5 N. W. 495]; *Town of Troy* v. *Cheshire R. R. Co.,* 23 N. H. 83, [55 Am. Dec. 177].) In *Robinson* v. *Southern California Ry. Co.,* 129 Cal. 8, [61 Pac. 947], it was held that an action to recover damages for a wrongful entry by a railroad company upon the land of plaintiff, and the construction of its railroad thereupon, without proceedings for condemnation, and without plaintiff's consent, is barred if not commenced within three years after the road was built and operated.

Upon the principle declared in these cases, which we think to be sound, the demurrer was properly sustained. It is true that there are authorities laying down a contrary rule. Prominent among them is a line of New York cases, of which *Uline* v. *Railroad Co,* 101 N. Y. 98, [54 Am. Rep. 661, 4 N. E. 536], and *Galway* v. *Railroad Co.,* 128 N. Y. 132, [28 N. E. 479], are examples. These cases rest upon the proposition that "no action at law can be maintained by an owner to recover prospective damages for injuries inflicted upon real property," a proposition which is not in accord with the law of this state where the injury complained of is permanent in character. (Civ. Code, sec. 3283; *Beronio* v. *Southern Pacific Co.,* 86 Cal. 45, [21 Am. St. Rep. 57, 24 Pac. 1093].) The rule of these New York cases, says the supreme court of the United States, "has not prevailed in analogous cases decided in other jurisdictions." (*New York etc. R. R. Co.* v. *Fifth National Bank,* 135 U. S. 433, [10 Sup. Ct. 743].) The cases of *Hopkins* v. *Western Pacific R. R. Co.,* 50 Cal. 190, and *Ford* v. *Santa Cruz R. R. Co.,* 59 Cal. 290, also seem to decide that in a case of this character only the damages accruing up to the time of the commencement of the action can be recovered. While these cases have not been in terms overruled, the later decisions above referred to are inconsistent with them, and they cannot be regarded as declaring the law of this state in the particular under discussion.

It may be remarked that the plaintiff himself regarded and treated the injury here alleged as permanent in character. This is shown by the allegation that the acts of the defendant have diminished the value of plaintiff's premises in the sum of six hundred dollars, the amount sought to be recovered. This was evidently intended to show a permanent injury to the land, and not merely damage sustained up to the time of the filing of the complaint.

The fact that an injunction is sought as an alternative to the prayer for damages does not affect the conclusions above reached. The provisions of our code relative to limitation of actions make no distinction between equitable and legal proceedings. (*Boyd* v. *Blankman,* 29 Cal. 19, 44, [87 Am. Dec. 146].) Under our system there is but one ''form of civil action.'' (Code Civ. Proc., sec. 307; *Lux* v. *Haggin,* 69 Cal. 255, [10 Pac. 674].) The sections providing periods of limitation refer to actions for the enforcement of various rights, and are to be applied ''so as to make the right sought to be enforced, and not a form of procedure, the test as to whether or not the statute applies.'' (*Redwood County* v. *W. W. and St. P. L. Co.,* 40 Minn. 512, [41 N. W. 465, 42 N. W. 473]; *Bristol* v. *Washington County,* 177 U. S. 133, [20 Sup. Ct. 585].) ''The nature of the cause of action, and not the form of the action, determines the applicability of the statute of limitations.'' (*Miller & Lux* v. *Batz,* 131 Cal. 402, [63 Pac. 680]; *Murphy* v. *Crowley,* 140 Cal. 141, [73 Pac. 820].) No doubt the prayer of a complaint will in many cases be of assistance in ascertaining the nature of the cause of action relied on, and, accordingly, in determining the section of the statute of limitations which may be applicable. But it is not contended here that the prayer for injunction has the effect of changing the cause of action from one for trespass upon real property to one governed by some other period of limitation. It still remains an action for trespass upon real property, and in such action the right to relief, whether legal or equitable, is barred in three years.

The judgment is affirmed.

Shaw, J., and Angellotti, J., concurred.