AMERICAN MANUFACTURING COMPANY *vs.* J. P. KLARQUIST and another.

November 16. 1891.

**Written Order for Goods followed by Delivery — Evidence of Prior Parol Agreement.**—A written order for goods (elevator and engine) to be sent and put up; specifying the price and terms of payment, a condition as to the title remaining in the vendor until payment should be made, with other provisions,—the property having been sent pursuant thereto, and appropriated and used by the purchaser,—*held* to be on its face a complete contract binding upon the purchasers, and excluding proof that the prior oral agreement was different therefrom.

**Same—Damages—Unsubstantial Error.**—Evidence offered to sustain a counterclaim for damages being insufficient to show the extent of the damage suffered, a merely nominal reduction of the plaintiff's recovery *held* to be an unsubstantial right, which should not affect the result.

**Same—Breach of Contract to Execute Note.**—For breach of an agreement to execute a promissory note payable in the future, damages may be recovered presently, and the amount for which the note was to have been given will *prima facie* be the measure of damages.

Appeal by defendants from an order of the district court for Hennepin county, refusing a new trial after a trial before *Hooker*, J., and verdict of $724.18 directed for plaintiff.

*Christensen & Tuttle,* for appellants.

*S. P. Crosby,* for respondent.

DICKINSON, J.   This action is for the recovery of an unpaid part of the price of personal property—an engine and elevator—claimed to have been furnished by the plaintiff to the defendants upon their written order, which is relied on as a contract of the defendants, excluding proof of prior oral agreements.   This instrument is as follows:

"Minneapolis, Minn., Apr. 8th, 1890.
"$740.00.

"American Manufacturing Co., St. Paul, Minn.:

"Please send and set up at 4th St. and 1st Ave. So. Minneapolis, 1 7 H. P. engine and steam material elevator, complete, with wire rope for 100 feet of stories, including rope instead of pipe guides,

for which we agree to pay seven hundred forty dollars, as follows, [terms of payment specified.] And it is hereby agreed by the undersigned that the American Manufacturing Co. do not relinquish their title to said goods until they are fully paid for, and, upon default of the undersigned in the performance of any of the terms of this agreement, the said American Manufacturing Co. may declare the whole amount agreed to be paid by this contract due and payable, and they or their agents may, without process of law, take possession of and remove said goods, and collect reasonable charges for damages and expenses. It is also agreed that the undersigned may retain possession of and use said goods until he shall make default in the terms of this agreement. The undersigned also agrees to pay freight.

"J. P. KLARQUIST & BRO.

"This contract subject to approval of American Manufacturing Co."

In view of the manner in which the answer meets the allegations of the complaint as to the written contract, and of the nature of the objection interposed when this instrument was offered in evidence, the defendants are to be deemed to have admitted the execution of it by them, or at least to have waived any objection as to the insufficiency of proof of its execution. The answer admits that the parties entered into an agreement, and that it was attempted to be put in writing by the plaintiff, and that they signed the paper prepared by the plaintiff, but alleges that the pretended written contract does not embrace the whole agreement. And when the plaintiff offered "the written contract" in evidence, the only objection interposed was that of variance from the allegations of the complaint. The evidence showed that the plaintiff sent the engine and elevator after the execution of this instrument, which is also admitted by the answer, and that the plaintiff set it up, but, as the defendants claim, in a defective manner. It also appeared that the defendants kept and used the property, and afterwards removed it to another building, and set it up for use there. The order having been thus acted upon by the plaintiff, it became effectual and binding as a written contract of the defendants; and evidence to show that the oral agreement was different from what is therein expressed, or from what is legally im-

plied therefrom, was not admissible.   *Kessler* v. *Smith*, 42 Minn. 494, (44 N. W. Rep. 794;)  *Wemple* v. *Knopf*, 15 Minn. 355, (440.)   It cannot be said that the written instrument is incomplete, and intended to embody only partially the terms of the contract.   On the contrary, it is apparently a full statement of the terms and conditions upon which the defendants proposed to purchase, and which were accepted by the plaintiff when, in compliance with this communication, it furnished and put in place the engine and elevator designated.   The court was right in rejecting evidence of the prior oral agreement.

The defendants plead as a counterclaim that the apparatus was not properly set up by the plaintiff, and evidence was received going to show that fact.   But no proof was made or offered to show the *extent* of the injury suffered by the defendants, from that cause.   If it be conceded that the loss of time by the defendants' workmen from this cause would have been sufficiently proximate thereto to justify a recovery of damages, and if the proof given and offered showed that such loss of time was a *necessary* consequence of the defective adjustment, still, upon the facts shown and offered to be shown, only nominal damages could have been assessed, and, as the plaintiff was entitled to recover, the allowance of a counterclaim for a merely nominal amount would constitute no substantial advantage to the defendants, and the verdict should not be disturbed.   The evidence, it is true, showed that about 30 men were employed, and that "they could not work half of the time;" but for what period of time they were delayed was not shown.   Nor was the offer of other evidence such as to supply this defect, or to show the value of the time thus lost.

As to the point that the sum of $190, part of the agreed price, and which is embraced in the recovery, was not due, it is enough to say that the defendants admit that they refused to give their note therefor, in accordance with the terms of the written agreement, and because of that refusal the plaintiff is entitled to recover damages, which, *prima facie*, are measured by the amount for which the note was to have been given.   *Barron* v. *Mullin*, 21 Minn. 374.

The court did not err in directing a verdict for the plaintiff, and the order refusing a new trial is affirmed.