## Kilcoyn v. Chicago, St. Louis & New Orleans Railroad Co., et al.

### (Decided December 13, 1910.)

### Appeal from McCracken Circuit Court.

1. Railroads—Lawful Use of Its Property—Damages Recoverable—Limitation.—The railroad is a permanent structure and the property owner must know that as the business of the road increases the trains will increase. It has the right to use its

tracks for its business as it increases, and its lawful use of its property cannot give rise to a fresh cause of action, and the rule has been laid down that an action by an adjoining property owner to recover damages for injury to his property by reason of the prudent construction and operation of the railroad is barred in five years after the railroad is built and begun to be operated.

2. Loud Noises—Evidence of Negligence.—The mere fact that the operation of trains is accompanied with loud noises and other things usually incident to the operation of such trains, is no evidence that they were negligently operated.

3. Pleading—Formal Defects—Cured by Evidence.—The rule is that formal defects in a plea are cured by the verdict and judgment where no objection was made to the pleading in the trial court and the evidence on the whole case was heard on the merits.

4. Code Provision.—The court must in every stage of an action disregard any error or defect in the proceedings which does not affect the substantial rights of the adverse party, and no judgment shall be reversed by reason of such error or defect. Section 134, Civil Code.)

MILLER & MILLER and R. T. LIGHTFOOT for appellant.

WHEELER & HUGHES, BLEWITT LEE and TRABUE, DOO-LAN & COX for appellee.

OPINION OF THE COURT BY JUDGE HOBSON—Affirming.

On March 31, 1888, the general council of the city of Paducah, adopted an ordinance, which contained among other things, these provisions:

"1. That the right of way is hereby granted to the Chesapeake, Ohio & Southwestern Railroad Company, its associates or assigns, to construct its tracks over and along that part of Trimble street between Eighth and Ninth streets, and over and along that part of Ninth street between the west side of Trimble street and Burnett street in the city of Paducah, and to run and operate its trains of cars over said street hereinbefore designated.

"2. It is however, provided that the right of way granted herein over Ninth street shall only authorize the construction of a single track over Ninth street, below Trimble street, and said track shall be used only for the purpose of one side of a "Y" for turning trains, and shall not be used for the purpose of standing trains, cars or locomotives upon or thereon any further or

longer than is necessary to make the turn or change of each train or locomotive.''

The railroad company constructed a single track in Ninth street between Trimble and Burnett streets, and used it for a number of years for the purposes set out in the ordinance. Thomas Kilcoyn owned a lot at the corner of Trimble and Ninth streets in front of which the track referred to ran. On March 1, 1889, he brought a suit against the railroad company to recover damages for the construction and operation of the railroad on the street in front of his property. That suit was tried on April 22, 1890, and resulted in a judgment in his favor for $100. In the year 1892 the property of Thomas Kilcoyn was sold in a judicial proceeding and was bought by Fannie Kilcoyn, who received a deed on September 29, 1893, therefor. After this the Chesapeake, Ohio & Southwestern railroad company failed and the railroad property passed by judicial sale to the purchaser, and finally came into the hands of the Chicago, St. Louis & New Orleans Railroad Company. On September 15, 1897, the council of the city of Paducah passed an ordinance which provided as follows:

"Sec. 1. That an ordinance entitled, 'An ordinance granting the right of way to the Chesapeake, Ohio & Southwestern Railway Company, over parts of Trimble and Ninth streets in the city of Paducah,' adopted March 26, 1888, and approved March 31, 1888, be and the same is hereby amended by striking out therefrom and repealing section 2 of said ordinance and inserting in lieu thereof the following as section 2, of said ordinance, namely:

"Section 2. It is herein provided that the right of way granted herein, over Ninth street, shall only authorize the construction of a single main track over Ninth street below Trimble street.''

The railroad company then extended its track from Trimble street to Cairo, Illinois, and made it a trunk line, over which it operated through passenger and freight trains, which passed in front of the Kilcoyn property. The road to Cairo was completed in the year 1902, and the trains referred to have been operated over it during the year 1903 and ever since. On December 24, 1909, Fannie Kilcoyn brought this suit against the railroad company alleging that by reason of the building of the railroad, the operation of the trains, the negligent and careless manner in which they were operated, and

their great number and weight, her property had practically been ruined; that it consisted of a storehouse and a dwelling; the store house could not be used for mercantile purposes; that the walls of the building were cracked, and it was so shaken by the trains that its value as a building had been destroyed; that by the negligent operation of the trains and engines, great quantities of soot, cinders and smoke were habitually thrown into her dwelling house, so that she could not live there, and that because of the continual noises unnecessarily made by the defendant, and the number of cars allowed to stand on the track, and its use as a switching place, her property had been damaged in all $10,000, for which she prayed judgment. The railroad company and its lessees filed an answer in which they denied the allegations of the petition, and pleaded limitation. The circuit court upon the evidence instructed the jury peremptorily to find for the defendants, and the petition having been dismissed, the plaintiff appeals.

We think it clear that the ordinance of September 15, 1897, striking out section 2 of the ordinance of March 31, 1888, and substituting therefor section 2 of the ordinance of September 15, 1897, was intended to do away with the restrictions placed upon the railroad company in section 2 of the ordinance of 1888; and that the only restriction that was intended to remain is that the railroad company should only construct a single main track over Ninth street below Trimble street. The ordinance as thus amended authorizes the construction of a single main track over Ninth street below Trimble street, and the track having been built in the street and operated pursuant to the ordinance, was a legal structure. In the case of L & N. R. R. Co. v. Orr, 91 Ky. 109, the rule was laid down that an action by an adjoining property owner to recover damages in such cases for the injury of his property by reason of the prudent construction and operation of the railroad is barred in five years after the railroad is built and begun to be operated. The rule was reaffirmed in Stickly v. C. & O. R. R. Co., 93 Ky., 318, in Rowlstone v. C. & O. R. R. Co., 54 S. W., 2, and in Ferguson v. Covington, &c., R. R. Co., 108 Ky. 662. The rule has been so often declared that the question is no longer open, and if it should be changed the remedy must be given by the Legislature. There is nothing in this case to take it out of the rule laid down in the cases

cited. In those cases as here traffic over the road had been begun more than five years before the suit was brought; it had increased within five years before the suit was brought and greater damage had been done, but this does not affect the question. The railroad is a permanent structure, and the property owner must know that as the business of the road increases, the trains will increase. He has five years in which to bring his action, and the time cannot be extended by reason of the fact that the business of the road has greatly increased. To so hold would be to ignore the rule; for the reason that as the country builds up, the business of all railroads increases. The railroad has the right to use its tracks for its business as it increases and its lawful use of its own property cannot give rise to a fresh cause of action.

It is insisted that the petition here charged a negligent operation of the trains, by reason of which the plaintiff's property had been injured. This is true, but there was no proof on the trial to sustain the allegation, which was denied. The running of heavy trains with heavy engines is necessarily accompanied with noise, smoke and the jarring of the ground. If proof of these things was sufficient to show a negligent operation of trains, then in every case, there might be a recovery after five years. There was no proof that the trains were operated at any greater speed than allowed by law, or that anything required by law in their operation was omitted. The mere fact that the operation of the trains was accompanied by those things which are usually incident to the operation of such trains is no evidence that the trains were negligently operated.

Lastly, it is insisted that the plea of limitation was not sufficiently made; that is, that the plea is formally insufficient. This is true. The plea does not allege in words that the plaintiff's cause of action did not accrue within five years before the suit was brought, and it does not allege that the road had been in operation for six years, although it alleges that it has been constructed for more than five years. The rule is that formal defects in a plea are cured by the verdict and judgment where, as here, no objection was made to the pleading in the trial court, and the evidence on the whole case was heard on the merits. By section 134 of the Code, the court must in every stage of an action disregard any

error or defect in the proceedings which does not affect the substantial rights of the adverse party, and no judgment shall be reversed or affected by reason of such error or defect.

Judgment affirmed.