# 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉.

## Southern Railway Co. v. McMenamin and Others.

January 18, 1912.

Absent, Wh'ttle, J.

1. Pleading—*Amendments—Continuance.*—A defendant is not prejudiced by an amendment of the plaintiff's declaration which does not make a new and different case, where trial is postponed for two months.

2. Railroads—*Site for Yards—Location—Private Capacity.*—In selecting a site for its yards, and the location therein of a coal chute and power house, and in the operation of those plants, and also in firing engines on such yard, preparing them for use in the transportation of persons and property, a railroad company acts in its private capacity; such acts being incident to the operation of the road with which the public have no concern.

3. Railroads—*Nuisance—Negligence—Private Capacity.*—It is not necessary to allege or prove negligence where the acts complained of result from a nuisance committed by a railroad company in its private capacity, for, as a rule, it is liable under such circumstances, even though the nuisance is not negligently caused.

4. Damages—*Discomfort—Evidence—Assessment by Jury.*—Where the injury is discomfort and inconvenience, the amount of damages must be left to the jury, in view of all the facts. Absolute certainty in such cases is not attainable, and is not required. The injured party cannot be denied the right to recover because he cannot show the exact amount with certainty, although he is ready to show, to the satisfaction of the jury, that he has suffered large damage. Where, from the nature of the case, the amount of damage cannot be ascertained with certainty, there is no objection to placing before the jury all the facts and circumstances of the case having any tendency to show damages, or their probable amount, so as to entitle them to make the most intelligible and probable estimate which the nature of the case will admit.

5. Nuisance—*Wrongs Done by Others—Damages.*—Where the plaintiff alleges and proves that serious damage has been done him by smoke, gases, and the like, from the operations on the defendant's premises, the defendant cannot escape responsibility therefor by showing that a modicum of smoke was thrown upon the plaintiff's premises from a lawful source.

16

6. NUISANCE—*Permanent Injury—Single Action—Act of Limitations.*—Undoubtedly, repeated actions may, as a general rule, be brought to recover for nuisances as long as the nuisance continues; but where there is a permanent nuisance, the consequences of which, in the normal course of things, will continue indefinitely, there can be but a single action therefor, and the entire damage suffered, both past and future, must be recovered in that action, and the right to recover will be barred unless it is brought within the perscribed number of years from the time the cause of action accrued.

7. NUISANCE—*Permanent Injury—Act of Limitations—Commencement—Effect of Increase of Damage.*—A railroad and its yards, coal chutes, and the like, are permanent structures, and if their operation create a nuisance it is a nuisance of a permanent nature, for which but a single action lies, against which the act of limitations begins to run from the commencement of such operation. It is not necessary that the damage complained of should exist to the same extent all the time. The act of limitation will not be extended simply because the damage is much larger in later years than it was when the structures were first erected. The time of the running of the statute is still to be computed from the time the single right of action accrued.

8. ACT OF LIMITATIONS—*When Right of Action Accrued.*—In an action to recover damages for an injury inflicted upon plaintiff's premises by reason of smoke, gases, cinders, and the like thrown thereupon by the defendant, it was for the jury, under the circumstances of the case at bar, to say, upon all the evidence, when the damage began which gave the plaintiff a right of action.

Error to a judgment of the Circuit Court of the city of Alexandria, in an action of trespass on the case. Judgment for the plaintiffs. Defendant assigns error.

*Reversed.*

PLAINTIFF'S INSTRUCTIONS.

The plaintiff asked for instructions, marked "A," "B," "C," and "D," respectively. The court refused to give instruction "D," and modified the other three, and gave them in the modified form; the modification being shown by italics.

"A. The court instructs the jury that if they believe from the evidence that the defendant Railway Company has injured the property of the plaintiff, Alice McMenamin, as alleged in the

declaration, by firing its engines, not in immediate use, and leaving them standing and emitting smoke, cinders, sparks, or soot, and disagreeable gases therefrom, in such quantities that the same passed upon and over the said plaintiff's property, and into and through the said plaintiff's house, and that such smoke and gases rendered the air impure, and that the said smoke, gases, soot, and cinders settled over, in, and upon the property of the said plaintiff, and that thereby the trees and flowers upon her said premises were injured or destroyed, and that the same, in passing over and through the property and house of the said plaintiff, prevented its full, proper, and useful enjoyment by the said plaintiff, and rendered the same a less agreeable, wholesome, and pleasant place of residence, and that the said engines were left standing, in the open air, without any structure enclosing the same, at times when they were emitting smoke, gases, sparks, cinders, or soot, then they must find for the plaintiff. And, in assessing her damages, the jury shall award her such sum as will fairly compensate the plaintiff for the damage to the use and enjoyment of her said property and premises as a dwelling place, *within the last five years prior to the commencement of this suit, unless the jury further believe from the evidence that the cause of action is barred by the statute of limitations, as set out in instruction No. 3, given in this cause.*

"B. The court instructs the jury that the defendant, in the location and operation of its coal chute, acts in its private capacity, and is bound to so locate, construct, maintain, operate, and use such structure as not to inflict any injury on the property, or invade the rights of others, and if they believe from the evidence in this case that the defendant has so located its said coal chute, or has so maintained, operated, and used the same as to interfere with and disturb the full and complete enjoyment of the plaintiff of her property as a dwelling place, then the said defendant must pay such damages to said plaintiff as would, in their judgment, in view of all the evidence, be a just compensation for the injuries thereby sustained within the last five years prior to the commencement of this suit, *unless they further believe from the evidence that the cause of action is barred by the statute of limitations, as set out in instruction No. 3, given in this cause.*

"C.  The court further instructs the jury that if they shall believe from the evidence that the plaintiff, Alice McMenamin, was, at the time of the institution of this action, and five years prior thereto, the owner in fee simple of the premises mentioned in the declaration, and shall further believe from the evidence that, within the period aforesaid, the said defendant company maintained and operated a coal plant or chute upon its premises, and that the said coal chute was used by the said defendant for the purpose of elevating quantities of coal to the upper floor of the said coal chute, and that the said defendant caused the fire in its engines to be started at its round-house, and then moved the engines to the said coal chute or plant, and caused the tenders thereof to be filled with soft coal by permitting the said coal to fall down and through the said chute into the tenders of the said engines, thereby causing quantities of coal dust to be thrown out and ejected into the atmosphere; and if they shall further believe from the evidence that the said defendant, for different periods of time, caused or permitted its engines to stand on its tracks at the said coal plant or chute, whilst the same were being fired by means of blowers, forcing the draft into the furnace or fire-boxes of said engines; and if they shall further believe from the evidence that by means of the coaling and firing and standing of the said engines by the said defendant on its tracks, at or near to the said coal plant or chute, coal dust arising from the said coal, as the same was being thrown into the said tenders, and cinders, sparks, or dust, and coal smoke and gases emanating from the smoke-stacks of the said engines, were borne upon the atmosphere, from time to time, upon and into the premises and dwelling house of the said plaintiff, in such quantities and to such an extent as to impair the full enjoyment and use of her said premises as a dwelling place, the jury may find for the plaintiff, and assess such damages, if any, to the said plaintiff, as will, in their judgment, in view of all the evidence, be a just compensation for the injuries she had hereby sustained, if any, during such period of time as they shall believe from the evidence the plaintiff has sustained damages, if any, as aforesaid, not to extend beyond the period of five years prior to the commencement of the suit; *provided the jury further believe*

*from the evidence that the cause of action is not barred by the statute of limitations, as set out in instruction No. 3, given in this cause."*

### Defendants' Instructions.

The following instructions were given on the motion of the defendant; Nos. 3 and 5 having been first modified by the court:

"1. The court instructs the jury that the defendant is not liable to the plaintiffs for any injury caused to their property by any operations whatever of the Washington and Southern Railway Company, or the operation of through or local freight and passenger trains of the defendant, or the operation of engines of the defendant engaged in the movement and switching of cars and trains in its railroad yards at Alexandria, or by operations at or in the round-house of the defendant.

"2. The court instructs the jury that the burden of proof is upon the plaintiffs to show affirmatively, by a preponderance of the evidence, that the injury of which the plaintiffs complain resulted from some source for which the defendant may be liable; and if the jury believe that the said injury may have as well resulted from some source for which the defendant is not liable as from some source for which it may be liable they must find for the defendant.

"3. The court instructs the jury that if they believe from the evidence that the structures designated as the 'coal chute' and 'power plant' were put in operation, prior to five years before the institution of this action, and that the firing and coaling of defendant's engines, at said coal chute, commenced more than five years before the institution of this action; that the said structures are of a permanent character; that they have been operated from the time of their construction, without interruption, and in the same manner, and that the injury to the property of the plaintiff from the smoke, cinders, sparks, or soot, and disagreeable gases, complained of in the declaration, have been continuous, in the same manner, and to substantially the *same extent*, during the whole period from the construction of the said 'coal chute' and 'power house' up to the institution of this suit, that the claim of the plaintiffs is barred by the statute of limitations, and their verdict shall be for the defendant.

"5. The court instructs the jury that the plaintiffs, having offered no evidence, as to the amount, if any, of the depreciation in value of the personal property on their premises, or as to the amount, if any, of any damages alleged to have been sustained by them, as to said personal property, they cannot find any damages against the defendant, on account of said damages to personal property.

"6. The court instructs the jury that the view of the premises which was had in this case can only be considered by the jury in connection with the *evidence* which has been taken in this case, and that said view cannot be considered by the jury as independent evidence of any matters or things seen by the jury."

*Robert B. Tunstall* and *Francis L. Smith,* for the plaintiffs in error.

*J. K. M. Norton* and *Edmund Burke,* for the defendant in error.

HARRISON, J., delivered the opinion of the court.

This action of trespass on the case was brought by Alice McMenamin and her husband, Richard McMenamin, to recover of the Southern Railway Company damages for injuries resulting, as alleged, from the maintenance by the defendant company of a nuisance on its property.

The declaration alleges that the plaintiff, Alice McMenamin, is the owner of a large brick dwelling-house in the city of Alexandria, which she has occupied with her family as a home during the time of the grievances complained of, and is still occupying; that the defendant company has, for a number of years, owned property and operated railroad yards in the city of Alexandria, in close proximity to the property of the plaintiff, and has, since she bought and improved her property, erected in its yards, and established in connection therewith, a large plant for the generation of electricity, and has also erected in its yards a large structure, known as a coal chute, from which the tenders of the defendant's engines are filled with coal, and has established in connection with each of these structures large stationary engines. The plaintiffs further aver that the defendant, for five years past immediately

preceding the institution of this suit, has so operated its electric plant, coal chute, and stationary engines in connection therewith, and in filling its engines with coal from said chute, and in firing such engines, as to cause great injury to the property of the plaintiff, Alice McMenamin, as a dwelling place, and to her personal property of every description situated therein. It is further averred that the defendant, its agents and employees, have, within the five years last past, caused to be emitted from its electric plant, coal chute, and stationary engines, and from its train engines, while the same are being filled with coal and fired at such coal chute, great clouds of dense black smoke, cinders, and soot, impregnated with acid, and has emitted also therefrom poisonous and disagreeable gases, as well as much noise, and that these dense clouds of greasy and acid-impregnated smoke, soot, cinders, and poisonous gases have filled the air and settled over, in, and upon the property of the plaintiff, and, through the windows of her house, upon the person and clothes of the occupants, to such an extent as to be almost unbearable; that her fruit trees, plants, and flowers, situated upon her said premises, have been greatly injured, the fruit trees being either dead or dying. It is further averred that this serious injury comes, not continuously, but whenever the wind blows in the direction of such property; that these acts of the defendant have caused a great nuisance, and in the past three years have become almost unbearable when the wind blows in the direction to bring the smoke, soot, cinders, etc., over the property and into the house of the plaintiff, thereby preventing its full, proper, and useful enjoyment, and rendering the same almost uninhabitable, and also thereby greatly depreciating the value of her said lot and dwelling house.

The declaration contains no averment of negligence; the theory of plaintiff's case being that the structures and operations maintained by the defendant constituted a nuisance, which caused the injuries complained of.

The defendant railroad company filed pleas of the general issue and the statute of limitations. The trial resulted in a verdict and judgment thereon in favor of the plaintiff, which this writ of error brings under review.

The objection to the action of the court in allowing the plaintiffs to amend their declaration by striking out the words "and also thereby depreciating the value of her said lot and dwelling house," is not well taken. The record does not show, as contended, that at the time the amendment was allowed the defendant had filed its pleas of the general issue and the statute of limitations. On the contrary, it appears that the amendment was first allowed, and thereupon the defendant pleaded. Nor is it tenable that the effect of the amendment was to make a new and different case. The whole proceeding was on the same day, and the trial then postponed for two months, so that the defendant could not have been prejudiced.

Instructions "A" and "B," as modified by the court, fairly submitted the plaintiff's theory of the case to the jury, without prejudice to the rights of the defendant.

Two objections are suggested to these instructions. The first is that the defendant's engines were engaged in transportation service; that the acts complained of constituted a legalized nuisance, for which the plaintiffs were not entitled to recover, because there was no averment or proof of negligence.

In selecting the site for its yards and the location therein for its coal chute and power house, and in the operation of those plants, as well as in firing its engines on the yards, and otherwise preparing them for use in the transportation of persons and property, the defendant company was acting in its private capacity, such acts being incidents to the operation of the road, with which the public had no concern. *Townsend* v. *Norfolk Ry. & L. Co.,* 105 Va. 22, 52 S. E. 970, 4 L. R. A. (N. S.) 87, 115 Am. St. Rep. 842; *Terrell* v. *C. & O. Ry. Co.,* 110 Va. 340, 66 S. E. 55, 32 L. R. A. (N. S.) 371.

It is not necessary to allege or prove negligence where the acts complained of result from a nuisance committed by a railroad company in its private capacity, for, as a rule, it is liable under such circumstances, even though the nuisance is not negligently caused. *Terrell* v. *C. & O. Ry. Co., supra.*

The second objection to these instructions is that there was no evidence of the amount or value of the injury to guide the jury in arriving at their verdict.

The jury viewed the premises and saw the conditions. The evidence abundantly shows the character of the injury complained of, the conditions under which plaintiffs suffered, and the inconvenience to them in the enjoyment of their property.

Where the injury is discomfort and inconvenience, the amount of damages must be left to the jury, in view of all the facts.

Absolute certainty in such cases is not attainable, and is not required. The injured party cannot be denied the right to recover because he cannot show the exact amount with certainty, although he is ready to show, to the satisfaction of the jury, that he has suffered large damage. Where, from the nature of the case, the amount of damage cannot be ascertained with certainty, there is no objection to placing before the jury all the facts and circumstances of the case having any tendency to show damages, or their probable amount, so as to enable them to make the most intelligible and probable estimate which the nature of the case will admit. 1 Sedgwick on Damages, sec. 170.

There was no error in the refusal of the court to grant instruction No. 4, asked for by the defendant. There was evidence tending to show that some smoke was thrown upon the plaintiffs' premises from the engines of passing trains on the tracks of the defendant, which lay between its yards and the plaintiffs' house. The effect of instruction No. 4 was to tell the jury that if any smoke, gas, etc., was cast upon the plaintiffs' premises from any of the operations of the defendant, or from any other railroad, no matter how slight the cause, that this was a license for the defendant to make the home of the plaintiffs uninhabitable by deluging it with smoke, soot, cinders, and poisonous gases from the operation in its yards of the coal chute and power house, and the coaling and firing of engines therein, upon the theory that when the smoke, etc., from the causes imposing liability upon the defendant is mingled with the smoke for which there is no liability, the plaintiffs cannot recover, no matter how great they may have shown their damage to be from the causes which made the defendant responsible.

In no aspect of the present case could such an instruction be proper. The plaintiffs alleged and proved that serious damage was done them by the smoke, gases, etc., from the operations on

17

the defendant's yards, and this responsibility cannot be escaped by showing that a modicum of smoke was thrown upon the plaintiffs from a lawful source.

Instruction No. 5, as asked, tells the jury that they must find for the defendant, because there was no evidence of depreciation in the value of the property, or as to the amount of damages sustained.

This was error, as shown in commenting upon the second objection to instructions "A" and "B," asked by the plaintiffs. It was certainly not prejudicial to the defendant for the amendment complained of to eliminate from the consideration of the jury any question of injury to the plaintiffs' personal property.

The real question in this case, and the one to which the argument has been chiefly directed, involves the right of the defendant to the defense of the statute of limitations, and the propriety of the court's action in modifying instruction No. 3, asked for by the defendant, which reads as follows:

"If the jury believe from the evidence that the structures designated as the 'coal chute' and 'power plant' were put in operation prior to five years before the institution of this action, and that the firing and coaling of defendant's engines at said coal chute commenced more than five years before the institution of this action; that said structures are of a permanent character; that they have been operated since first used, and its engines fired and coaled at said coal chute since it was first used, in the same manner to the time of the institution of the suit, and that the operation of said coal chute and power plant, and firing and coaling of said engines, have injured the property of the plaintiffs, and that the nuisance caused by said operations is of such a character that its continuance necessarily constituted a permanent injury to plaintiffs' property, then the jury are instructed that the plaintiffs' cause of action accued when said power house and chute were first operated, and said engines were first coaled or their draught increased by the use of blowers at said chute; that the claim of the plaintiffs is barred by the statute of limitations, and their verdict shall be for the defendant."

The substantial difference between the foregoing instruction, asked for by the defendant, and its modification as given by the court, is the addition of the words, " and to substantially the same

extent," making the instruction, where the addition occurs, read as follows: "that said structures are of a permanent character; that they have been operated since first used, and its engines fired and coaled at said coal chute since it was first used, in the same manner *and to substantially the same extent,* during the whole period from the construction of said coal chute," etc.

The evidence of the defendant tends to show a continuous damage to the property of the plaintiffs from the time the structures complained of were erected and the operations there begun down to the date of the institution of this suit—a period of more than five years. Instruction No. 3 involves a consideration of the questions arising upon the plea of the statute of limitations, it being contended on behalf of the plaintiffs that the statute of limitations cannot be invoked in this case, and that an instruction recognizing its application should not have been given in any form.

The general rule with respect to nuisances undoubtedly is that repeated actions may be brought as long as the nuisance continues, but an exception to the general rule, as well established as the rule itself, is that where a nuisance is permanent, the consequences of which, in the normal course of things, will continue indefinitely, there is but a single action therefor, and the entire damage suffered, both past and future, must be recovered in that action, and the right to recover will be barred unless it is brought within the prescribed number of years from the time the cause of action accrued. *Va. Hot Springs Co.* v. *McCray,* 106 Va. 461, 56 S. E. 216, 10 L. R. A. (N. S.) 465.

The principles enunciated in the case cited are sustained by the great weight of authority, and in no class of cases is the doctrine more frequently invoked and applied than in cases involving the construction and operation of railroads, which are presumed to be permanent structures. *Highland, &c. Co.* v. *Mathews,* 99 Ala. 24, 10 South. 267, 14 L. R. A. 462; *Frankle* v. *Jackson, Receiver,* (C. C.) 30 Fed. 398; *Stodghill* v. *Railroad Co.,* 53 Iowa 341, 5 N. W. 495; *Chicago, &c.* v. *Loeb,* 118 Ill. 203, 8 N. E. 460, 59 Am. Rep. 341; *Fowle* v. *New Haven, &c. Co.,* 107 Mass. 352; *Id.,* 112 Mass. 334, 17 Am. Rep. 106; *Louisville, &c. Co.* v. *Orr,* 91 Ky. 109, 15 S. W. 8; *Illinois, &c. Co.* v. *Hodge,* (Ky.) 55 S. W. 688; *Porter* v. *Midland, &c. Co.,* 125 Ind. 476, 25 N. H.

556; *De Grofroy* v. *Merchants, &c. Co.*, 179 Mo. 698, 79 S. W. 386, 101 Am. St. Rep. 524, 64 L. R. A. 959; *Chicago, &c. Co.* v. *O'Connor*, 42 Neb. 90, 60 N. W. 326; *Williams* v. *Southern, &c. Co.*, 150 Cal. 624, 89 Pac. 599; *Jackson, &c. Co.* v. *Lockwood,* 33 Fla. 573, 15 South. 327.

The effect of the modification by the court of instruction No. 3 was to require the jury to believe, before applying the bar of the statute of limitations, that the injuries to the property of the plaintiffs had been "continuous in the same manner, *and substantially to the same extent*, during the whole period from the construction of the coal chute and power house." Under the instruction as modified, if it appeared that the business of the defendant had increased during the five year period, thereby causing an increased damage to the plaintiff, the jury would not have been authorized to sustain the defense of the statute of limitations.

We are of opinion that it was not essential to the defense of the statute of limitations that the damage complained of should exist *to the same extent* during the period of five years. *Louisville, &c. Co.* v. *Orr, supra; Kilcoyn* v. *Chicago, &c. Co.*, 141 Ky. 237, 132 S. W. 438.

In the case last cited, it is said: "There is nothing in this case to take it out of the rule laid down in the cases cited. In those cases, as here, traffic over the road had been begun more than five years before the suit was brought. It had increased within five years before the suit was brought, and greater damage had been done; but this does not affect the question. The railroad is a permanent structure, and the property owner must know that, as the business of the road increases, the trains will increase. He has five years in which to bring his action, and the time cannot be extended by reason of the fact that the business of the road has greatly increased. To so hold would be to ignore the rule, for the reason that, as the country builds up, the business of all railroads increases. The railroad has the right to use its tracks for its business as it increases, and its lawful use of its own property cannot give rise to a fresh cause of action."

In the light of the authorities cited, we are of opinion that instruction No. 3 embodied a correct statement of the law, and should have been given in the form in which it was asked by the defendant.

In connection with this last mentioned assignment of error, the defendant contended that, with respect to the time when the damage complained of began, the plaintiffs' evidence could not be considered, because in conflict with physical facts which made it impossible for such evidence to be true. The physical facts relied on in support of this contention consisted of the defendant's evidence that the use of its yard and the structures therein was less extensive at the end of the five year period than in the beginning, for the reason that during that period the passenger operations of the defendant were transferred entirely from the yard to the Union Station, some distance from the plaintiffs' property; and that the freight operations, other than those involving freight destined locally to Alexandria, were transferred to the Potomac Yards, several miles from Alexandria. It is insisted that these changes necessarily resulted in diminishing the damage accruing to the plaintiffs' property, but that, notwithstanding these facts, both plaintiffs testified that their damage was insignificant in the beginning of the five year period, and very great in the latter part thereof; indeed, the plaintiffs' evidence tended to limit the damage sustained by them to the three years immediately preceding the institution of their suit.

The evidence of the defendant, tending to show that it had transferred a large part of its business from the yard in question to other places, did not establish such physical facts as to render the evidence of the plaintiffs untrue. Many causes, such as inferior coal, increase in the number of engines fired and coaled at the chute and power house, etc., may have operated to make the damage greater after the business mentioned had been transferred to other places. It was for the jury to say, upon all the evidence, when the damage began which gave the plaintiffs a cause of action.

For the error of the circuit court in refusing instruction No. 3, as asked for by the defendant, and in modifying the same, its judgment must be reversed, the verdict of the jury set aside, and the case remanded for a new trial, to be had not in conflict with the views expressed in this opinion.

*Reversed.*