## Richmond.

## PORTSMOUTH COTTON OIL REFINING -CORPORA-
## TION v. RICHARDSON.

### March 16, 1916.

1. NUISANCE—*Permanency—Successive Actions.*—In all cases of doubt respecting the permanency of the injury inflicted by a nuisance, the courts are inclined to favor the right to bring successive actions.

2. APPEAL AND ERROR—*Verdicts—Conflicting Evidence—Limitation of Actions.*—Where an issue of fact raised by a plea of the statute of limitations has been submitted to the jury upon correct instructions, their verdict, upon conflicting evidence, which has been approved by the trial court, cannot be disturbed by this court.

3. NUISANCE—*Special Damages—Loss of Rents—Pleading—Pollution of Streams.*—In an action for damages by polluting a stream which runs through the plaintiff's land, evidence of the rental value of the plaintiff's premises is inadmissible, in the absence of any allegation in the declaration of loss or diminution of the rental value of the property. The averment of special damage is essential to inform the defendant of the character of the case he is called upon to answer.

Error to a judgment of the Circuit Court of Norfolk county in an action of trespass on the case. Judgment for the plaintiff. Defendant assigns error.

*Reversed.* ·

The opinion states the case.

*J. W. Willcox* and *Willcox, Cooke & Willcox,* for the plaintiff in error.

*J. Edward Cole, Fred C. Abbot* and *R. H. Bagby,* for the defendant in error.

WHITTLE, J., delivered the opinion of the court.

This was an action by defendant in error, an upper proprietor on Paradise creek, a tidal stream in Norfolk county, against

plaintiff in error, whose factory is located on the same stream, to recover damages for impairment of the health and comfort of himself and family and injury to his property and business occasioned, as he alleged, by noxious substances cast into the creek by the defendant.

The jury returned a verdict for plaintiff for $3,000, and the case is here on writ of error to a judgment thereon.

1. Defendant interposed the plea of five years limitation in bar of the action. That ground of defense is rested on the theory that the case comes within the influence of the line of decisions of which *Virginia Hot Springs Co.* v. *McCray,* 106 Va. 461, 56 S. E. 216, 10 L. R. A. (N. S.) 465, 10 Ann. Cas. 179, and *Southern Railway Company* v. *McMenamin,* 113 Va. 121, 73 S. E. 980, are types, which hold that where a nuisance is permanent and the injury therefrom is direct, immediate and complete, and must necessarily continue to produce injury independently of any subsequent wrongful act, damages must be recovered in a single action, and the statute of limitations begins to run from the time of the creation of the nuisance.

The opposing contention on the part of plaintiff was that the business of defendant was not a nuisance *per se,* and had been conducted, and, with proper management, could be carried on without occasioning the discomfort and injury of which he complained. In such case successive actions may be brought.

"In all cases of doubt respecting the permanency of the injury courts are inclined to favor the right to bring successive actions." 4 Sutherland on Damages (3d Ed.), p. 3034. *N. & W. Ry. Co.* v. *Allen, ante,* p. 428, 87 S. E. 558.

The issue of fact raised by the plea of the act of limitations was submitted to the jury upon correct instructions, and having been determined by them in plaintiff's favor on conflicting evidence and their finding approved by the presiding judge, cannot be disturbed by this court.

2. The second assignment of error is to the admission, over the objection of defendant, of evidence of the rental value of plaintiff's premises.

There was no allegation in the declaration of loss or diminution of the rental value of the property, and in the absence of special allegation on the subject, the evidence was plainly inadmissible.

In *Porter* v. *Froment,* 47 Cal. 165, it was held:

"1. In an action for damages by the pollution of the water of a stream which runs over the plaintiff's land, special damages cannot be proved unless they are alleged in the complaint.

"2. *Idem.*—In such case, proof of the diminution of the rental value of the farm caused by the pollution of the water, is inadmissible, if the complaint fails to allege that the plaintiff rented the farm, or was prevented from renting it by reason of the injury to the water."

The averment of such special damage is essential to inform the defendant of the character of the case he is called on to answer. *Wood* v. *Amer. Nat. Bank,* 100 Va. 306, 40 S. E. 931; 4 Sutherland on Damages (3d Ed.), pp. 3093, 3094, 3095.

The third assignment of error involves the refusal of the court to set aside the verdict on the ground that it is excessive and contrary to the law and evidence.

Since for other errors the judgment must be reversed and a new trial ordered, it is not necessary to pass upon the questions raised by that assignment. However, in that connection it may be observed that there was no evidence to sustain some of the grounds of complaint charged in the declaration.

Reversed and remanded for a new trial.

*Reversed.*