## Richmond.

## MAGRUDER AND OTHERS v. VIRGINIA-CAROLINA CHEMICAL COMPANY AND OTHERS.

January 11, 1917.

Absent, Sims, J.

1. NUISANCE—*Limitation of Actions.*—Where there is a permanent nuisance, the consequences of which, in the normal course of things, will continue indefinitely, there can be but a single action therefor, and the entire damage suffered, both past and future, must be recovered in that action; and the right of recovery will be barred unless it is brought within the prescribed number of years from the time the cause of action accrued.

2. NUISANCES—*Pollution of Stream—Laches.*—Plaintiffs filed their bill for an injunction and damages against the defendants for the pollution of a watercourse by the operation of defendants' mines. There was a serious conflict in the testimony of the non-expert witnesses as to the real cause of the conditions complained of. Moreover, the property affected was located ten or twelve miles down stream from the mines, and analyses by two experienced chemists of water taken from the stream at that point showed that it was normal, and not injurious to the soil, or trees and other vegetation, or to fish. A third analysis of the water was made by another chemist employed by a person having a common interest with plaintiffs, yet he was not examined as a witness, nor was his analysis put in evidence. It also appeared that plaintiffs suffered more than twenty years to elapse after the opening and operation of the mines before they sought redress from the courts for the supposed violation of their rights.

*Held:* That this did not present a case for perpetual injunction and decree for damages.

Appeal from a decree of the Circuit Court of Louisa county. Decree for defendants. Complainants appeal.

*Affirmed.*

The opinion states the case.

*E. H. DeJarnette, Jr.,* for the appellants.

*Coke & Pickrell, Gordon & Gordon, James R. Caton* and *W. Worth Smith,* Jr., for the appellees.

WHITTLE, J., delivered the opinion of the court.

This appeal is from a decree of the Circuit Court of Louisa county denying a permanent injunction and dismissing appellants' bill, the material allegations of which are as follows:

That plaintiffs are the owners of 808 acres of land lying on North Anna river, in Spotsylvania county, below the point where Contrary creek flows into that stream; that 250 acres of the main tract are low grounds adjoining the river and subject to overflow in time of freshets; that defendants and their predecessors in title have been owners and operators of certain iron and pyrites mines (located at different points on Contrary creek several miles above its junction with North Anna river) continuously since the year 1885; that in the operation of these mines by the respective owners, the water pumped from the shafts, as well as the water used in washing the ores in the ore-washing or concentration plants is impregnated by the ore with sulphuric acid and other injurious substances, and flows into Contrary creek and thence into and down North Anna river to plaintiffs' farm; that the waters of the river are so poisoned by the washings from the mines as to be rendered completely worthless for all domestic and agricultural purposes, and are fatal to fish; that the trees and other vegetation upon plaintiffs' low grounds are thereby killed, and the productivity and value of the land itself is seriously im-

45

paired if not destroyed; that the alleged injuries of which they complain constitute a permanent nuisance; and the bill prays that defendants be perpetually enjoined from polluting the waters of the streams by the washing of ore and pumping polluted and poisonous waters from their mines and pits into the same; and that damages may be awarded plaintiffs for injuries already inflicted upon them.

Defendants filed demurrers and answered the bill, and also interposed the defense of the statute of limitations.

The trial court was of opinion that the cause of action was barred by the five years' limitation, and decreed accordingly. From the correctness of that conclusion there can be no escape under the following decisions of this court: *Va. Hot Springs Co.* v. *McCray,* 106 Va. 461, 56 S. E. 216, 10 L. R. A., N. S., 465, 10 Ann. Cas. 179; *Southern Ry.* v. *McMenamin,* 113 Va. 121, 73 S. E. 980; *McKinney* v. *Trustees Emory & Henry College,* 117 Va. 763, 86 S. E. 115, and *Worley* v. *Mathieson Alkali Works,* 119 Va. 862, 89 S. E. 880. These cases declare the firmly established rule of law in this jurisdiction to be, that where there is a permanent nuisance, the consequences of which, in the normal course of things, will continue indefinitely, there can be but a single action therefor, and the entire damage suffered, both past and future, must be recovered in that action; and that the right of recovery will be barred unless it is brought within the prescribed number of years from the time the cause of action accrued.

The undisputed facts of this case bring it completely within the influence of the principle stated, and, in essentials, the case is undistinguishable from that of *Worley* v. *Mathieson Alkali Works, supra.* The causes of action in both cases are the same, namely, the alleged injury to property rights of plaintiffs and the destruction of fish, etc., from the pollution of the waters of non-navigable streams caused by discharging noxious refuse matter therein from

the defendants' works.  In both cases the grounds of complaint are permanent, "the consequences of which, in the normal course of things, will continue indefinitely;  *  *  * that the plant when first constructed was intended to be permanent, and has been so treated and used ever since; and that as long as it is operated so long will the nuisance complained of be constant, continuous and injurious to the plaintiff."

Upon these considerations, the ruling of the trial court in sustaining the plea of the statute of limitations and dismissing the bill was plainly right.

But independently of the question of the bar of the statute, it is by no means clear that plaintiffs, upon the merits, have shown themselves entitled to injunctive relief and to a decree for damages.  We shall not undertake to review the evidence covering many pages of the record.  It is sufficient to say that there is serious conflict in the testimony of the non-expert witnesses as to the real cause of the conditions complained of.  Moreover, the farm is located ten or twelve miles down stream from the mines, and analyses by two experienced  chemists of water taken from the stream at that point showed that it was normal, and not injurious to the soil, or trees and other vegetation, or to fish.  A third analysis of the water was made by another chemist employed by a person having a common interest with appellants, yet he was not examined as a witness, nor was his analysis put in evidence.  It also appeared that appellants suffered more than twenty years to elapse after the opening and operation of the mines before they sought redress from the courts for the supposed violation of their rights.  In these circumstances, a chancellor well might hesitate to grant a perpetual injunction and decree damages against these extensive mining industries, which are shown to be of great public utility.

The decree of the circuit court is affirmed.

*Affirmed.*